# In re Incorporation of Borough of Forest Hills (No. 1).

*Boroughs—Borough code—Incorporation—Act of May 14, 1915, P. L. 312, Chapter 2, Article I.*

On a petition for the incorporation of a borough the court may refer the task of taking testimony to an examiner, for the purpose of making an investigation, under the provisions of the Act of May 14, 1915, P. L. 312, Chapter 2, Article I, Sections 1, 2, 3, and 4.

*Constitutional law—Election districts—Incorporation of borough.*

The fact that a small triangular piece of ground will be cut off from the rest of a township, by the incorporation of a borough, does not violate Section 2, of Article VIII, of the Constitution, providing that townships shall form or be divided into election districts of compact and contiguous territory, etc. The mere separation of portions of the township is not contrary to the provisions of the Constitution, unless such separation results in the disfranchisement of the voters in the districts affected.

Argued November 19, 1918. Appeal, No. 66, April T., 1919, by Harry T. Seawright, John J. Gallagher and

Statement of Facts—Opinion of the Court. [72 Pa. Superior Ct.

Thomas M. Gallagher, Exceptants, from the decree of Q. S. Allegheny Co., Oct. T., 1917, No. 1, in the matter of the petition for the incorporation of the Borough of Forest Hills. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to petition for incorporation of Borough of Forest Hills out of a part of Braddock Township and a part of Wilkins Township, Allegheny Co. Before WAS-SON, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions and granted the decree incorporating the Borough of Forest Hills.

*Error assigned,* among others, was the decree of the court.

*Ralph J. Brown,* and with him *S. R. McClure,* for appellants.—The court has no power to appoint an examiner to take testimony: Wayne Borough Incorporation, 12 Pa. Superior Ct. 363.

The incorporation of the borough was unconstitutional: Article VIII, Section 2, of the Constitution of Pennsylvania.

*J. C. Boyer,* of *Boyer, Jones & Morton,* for appellee, cited: Borough Code, Act of May 14, 1915, P. L. 312; Herndon Borough, 19 Pa. Superior Ct. 127; Middleton v. Middleton, 187 Pa. 612; Act of May 11, 1901, P. L. 177.

OPINION BY TREXLER, J., July 17, 1919:

This was a proceeding for the incorporation of a borough. Under the Act of Assembly of May 14, 1915, P. L. 312, Ch. 2, Article I, Sections 1, 2, 3 and 4, after providing for the application, its presentation to the court and notice, the act requires, "the court at said term, if it shall find that the conditions prescribed by the article

have been complied with, may grant the prayer of the petitioners and make a decree accordingly; but if the court shall deem further investigation necessary they may make such order thereon as to right and justice shall appertain." The court appointed a commissioner to take testimony and return the same to the court for further action. The appellants contend that this action was illegal; that under the act the decision of the case was with the court and it could not pass the responsibility to a commissioner and if the court desired further investigation, it was in duty bound to make the necessary inquiry and hear and determine the matter. Reliance is had on the case of Wayne Borough, 12 Pa. Superior Ct. 363. That case arose under the Act of June 26, 1895, P. L. 389, which provides "that the court after a full investigation of the case" may grant the prayer for incorporation. It was there held that a reference to a master to take testimony and make report to the court and the adoption of the report was not a compliance with the act but was relinquishing a judicial function. There is a vital distinction between that case and this. In the one before us the order is merely to take the testimony of witnesses. The examiner had no part in determining the question before the court. No judicial discretion was passed to him. He merely acted as the agent of the court to take the testimony. In the Wayne Borough case, the commissioner passed on the merits of the case. If we read the opinion in that case, we find it expressly states that, "the master was not appointed to take testimony of the witnesses merely." "The proceedings were not only referred to the master but the decree is founded upon the master's report." There is also a difference between the two acts. The Act of 1895 provides for a full investigation of the case by the court while the Act of 1915, as stated above provides that if the court desires further investigation it shall make such order as to right or justice shall appertain. The reference to the examiner was within the power of the court. It infringed no one's right,

denied justice to no one and did not in any way interfere with the judicial discretion imposed upon the court by the act.

By the erection of this borough, a small triangular piece of ground was cut off from the rest of the township and it is argued that this renders the incorporation of the borough illegal. Article VIII, Section 11, of the Constitution provides that townships shall form or be divided into election districts of compact and contiguous territory in such manner as the court of quarter sessions may direct, and it is argued that the separation of the portions of this township violates this provision of the Constitution. We find nothing on the record to impeach the regularity of the proceedings. The cutting out of a small portion of the township is merely incidental to the defining of the boundary of the new borough. There is nothing to show that the separated parts cannot form separate election districts. We have no complaint here from any one residing in either part that he is disfranchised. In the extension of cities and boroughs, situations necessarily arise which destroy the regular contour of townships and reduce election districts very materially, but unless voters are disfranchised, we see no reason for holding that such changes are unlawful. All the Constitution requires is that election districts shall be composed of compact and contiguous territory. Both of the parts of the township which are left after the erection of this borough can properly be said to be of compact and contiguous territory.

Decree affirmed. Appellants for costs.