## In re: Annexation of Mill Creek Township, Erie County.

*Townships—Annexation to cities of contiguous territory—Act of June 27, 1913, P. L. 568.*

There is nothing in the Act of June 27, 1913, P. L. 568, regulating the government of third-class cities, which prohibits the annexation of territory of adjacent townships to a municipality, when such annexation would result in the separation of the remaining parts of the township, which are not annexed.

The acts of assembly, referring to the division of townships, govern only those cases where the inhabitants of a township desire to be divided and have nothing to do with annexation proceedings. Every annexation to a city or borough from a township is in effect a division of a township, and such proceedings can be had without submitting the question to a vote of the inhabitants therein.

Argued November 17, 1919. Appeal, No. 44, April Term, 1919, by the City of Erie and the United States Housing Corporation from decree of Q. S. Erie County, February Sessions, 1919, No. 114, sustaining exceptions to the ordinance for annexation of land in the matter of the proposed annexation of land in the Township of Mill Creek, Erie County, Pennsylvania, to the City of Erie, Pennsylvania. Before ORLADY, P. J., PORTER,

HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.
Reversed.

Exceptions to proceedings for the annexation of certain portions of Mill Creek Township to the City of Erie. Before WHITTELSEY, J.

The facts are stated in the opinion of the Superior Court.

The court entered the following decree:

And now, July 24, 1919, this case came on for hearing, and after examination of the papers and proceedings certified by the clerk of the council of the City of Erie, and hearing argument of counsel, it is ordered, adjudged and decreed that the appeals be sustained, and that Bill No. 4701 of the Ordinances of the City of Erie, entitled, "An Ordinance providing for the annexation of land in the Township of Mill Creek to the City of Erie, Pennsylvania," be and the same is hereby declared null and void; and it is further ordered that the City of Erie pay the costs of proceedings in this case.

*Error assigned* was the order of the court.

*C. H. Brooks*, of *Brooks, Englich & Quinn*, and *S. L. Gilson*, City Solicitor, for appellants.

The proceedings for the annexation of a part of the township were in strict conformity with the acts of assembly: Act of June 27, 1913, P. L. 573-4; Fister v. Kutztown Borough, 49 Pa. Superior Ct. 483; Susquehanna Township Appeal, 17 Pa. County Court Rep. 398; Meadville Annexation, 37 Pa. County Court Rep. 582.

The acts providing for annexation are to be liberally construed and there is nothing to prohibit the annexation as contemplated in this proceeding: Smith v. A. & P. R. R. Co., 182 Pa. 139; Pittsburgh's Petition, 217 Pa. 227; Commonwealth v. Gouger, 21 Pa. Superior

Ct. 217; Cowanshannock Poor Dist. v. Armstrong County, 31 Pa. Superior Ct. 386; Com. v. Weber, 67 Pa. Superior Ct. 497; Dame's App., 62 Pa. 417; Haddock v. Com., 103 Pa. 243.

*D. Stuart Robinson,* and with him *W. Pitt Gifford,* for appellee.

OPINION BY TREXLER, J., April 24, 1920:

Certain inhabitants of Mill Creek Township filed a petition praying that a portion of said township be annexed to the City of Erie. There is no question as to the regularity of the proceedings. Every essential step required by the Act of June 27, 1913, P. L. 568 was followed. Under the provisions of said act, upon appeal, it is the duty of the court to "examine and inquire, and, if the proceedings appear to have been in conformity with law," to approve the annexation. The learned judge took the view that the words, "conformity to law" not only referred to the proceedings held under the act but involved the question whether the result produced was lawful or as he expressed it whether the "effect and consequences of the proceedings are lawful." The annexation in this case leaves two portions of the township which are separate and apart from each other. This the lower court held was an unlawful division of the township into two parts; that, under the law, this could only be done after a vote of the qualified electors, that as townships could not be created by the union of districts not contiguous, they could not be divided into parts that were separate and apart, that the proceedings are in derogation of the common law and as there is no special authority to divide townships in proceedings for annexation, the result sought to be accomplished was unlawful and the proceedings void, and furthermore that the severance of the township into parts will render the administration of the township affairs inconvenient. The reasons above given for the conclusion reached by

the lower court may be summarized in the statement
that the separation of the township into parts that are
not contiguous is inherently unlawful and that notwith-
standing the proceedings for annexation of a part of a
township to a city may be regular, if the result is that
such separate parts are created the proceeding falls.
We have already held In re Incorporation of the Borough
of Forest Hill, 72 Pa. Superior Ct. 419, that in a pro-
ceeding for the incorporation of a borough, a part of a
township may be taken and two separate parts allowed
to remain.    As the matter is now presented in a some-
what different phase, we will briefly consider it along
the lines it is now submitted.

We may start in with the proposition which has been
constantly recognized by the courts that there is nothing
sacred about the delimitation of the political divisions
of a state.    That such divisions are mere agencies to
carry out the functions of government and are subject
to the control of the legislature, who may enlarge their
territorial extent, or change their functions, or modify
their internal arrangements, or destroy their very exist-
ence "by the mere breath of arbitrary decision": Pitts-
burgh's Petition, 217 Pa. 227; Hunter v. Pittsburg, 207
U. S. 161.    The Act of June 27, 1913, P. L. 568, provides
that any part of a township may be annexed in the man-
ner therein set forth.    The language is general.    It ap-
plies to any part.    The intent of the legislature is clearly
expressed.    The results which the court considered un-
lawful are merely incidental.    The purpose of the act in
the case before us has been carried out.    The inhabitants
of the parts of the township that are severed from one
another are not parties to this proceeding.    Even if in
times past townships always consisted of compact terri-
tory, the legislature could change this either directly, or
incidentally where such result follows from the carrying
out of a purpose clearly expressed.    We find nothing in
the statutes, nothing in the Constitution which we think
renders illegal the results following from the present

proceedings. There may be inconvenience resulting but the remedy for such inconvenience must be sought in proper proceedings under existing acts of assembly, or if these be inadequate, additional legislation.

If the theory of the appellee were correct, approximately all the territory that is mentioned in the petition could have been joined to the City of Erie if these two severed portions had been allowed to remain joined by a shoe string strip consisting of private land and in fact affording no access from one part to another. The tax-gatherer and the constable could more easily go from one part of the township to another through the City of · Erie than by going over the private ground of the inhabitants of the township. It thus appears that greater inconvenience might arise through a proceeding which the appellees must consider lawful than under the present proceedings.

The acts of assembly referring to the division of townships govern only those cases where the inhabitants of a township desire to be divided and have nothing to do with annexation proceedings. Every annexation to a city or borough from a township is in effect a division of the township and still such proceedings can be had without submitting the question to a vote of the people of a township. In the abolition of township lines the legislature has always regarded the subject as admitting of the freest action and has not hesitated to cross county lines in proceedings for the annexation of outlying districts to boroughs. We therefore recur again to this statement, that the only possible reason why these proceedings should be set aside is the assumption that a township must be composed of contiguous territory, but we have not been referred to any decisions of our courts, or principle of law, or any provision of the Constitution, or act of assembly which requires this to be so.

In re Incorporation of Forest Hills, above referred to, a small triangular piece of land was cut out and thus separated from the major part of the township through

proceedings for the incorporation of the borough.   This result did not render the incorporation illegal.   It was argued in that case that the separation violated the provision of the Constitution which provides that the township should form or be divided into election districts of compact and contiguous territory in such manner as the court of quarter sessions may direct.   We held that the separation of the township into two parts was merely incidental to the incorporation of the borough and that there was nothing in the record to show that the separated parts could not form separate election districts. In parity with the line of reasoning which we employed in that case, the proceedings before us being regular, we do not think that we are required to conjure up difficulties which may be incidentally occasioned by the annexation of this territory to the City of Erie, or consider the supposed inconveniences which may fall upon the inhabitants of the detached portions when we do not have them before us in the proceedings and apparently there is no complaint from them.   All the difficulties which may be caused by this proceeding may be unsubstantial and easily corrected.

The objection that a portion of the township annexed is occupied by persons who do not desire to be annexed is without merit.   The test is whether three-fifths of the taxable inhabitants residing in the part to be annexed have joined in the petition.   It makes no reference to the particular place of residence of the individual petitioner.   The only essential is that he reside in the part to be annexed.   That is all that is required.

The decree entered by the lower court is reversed and the record is remitted in order that a decree in accordance to this opinion may be entered.   Appellant for costs.