THE JARL COMPANY, Plaintiff, *v.* THE VILLAGE OF CROTON-ON-HUDSON, and Its Trustees, Defendants (and Seventeen Other Similar Actions).*

Supreme Court, Westchester County, July 5, 1932.

*Affd., 238 App. Div. 865; affd., 262 N. Y. 551. See, also, 142 Misc. 884; 148 id. 153.

*Larkin, Andrews & McNaughton,* for the plaintiff.

*Herman Tocker, Oscar Gruber* and *Thomas George Barnes,* for various other plaintiffs.

*Edgar A. B. Spencer [William J. Wallin* and *Maurice Iserman* of counsel], for the defendants.

WITSCHIEF, J. There are eighteen cases brought by different plaintiffs against the same defendants, of which this is one, in all of which it is sought to remove an assessment for village taxes levied in November, 1930, as a cloud upon title.

The theory of the plaintiffs in all of these actions is that the lands which are the subject of the assessment lie outside the village of Croton, their claim being that certain annexation proceedings under the Village Law are void.

The conclusions which have been reached in this case are applicable in all of the cases, although there are some slight variations as to the immaterial facts relating to the situation of the various plaintiffs.

On November 26, 1929, a petition was filed with the village clerk of the village of Croton-on-Hudson seeking the annexation to the existing village of Croton-on-Hudson of certain lands lying outside of the village limits.

It is undisputed that all of the provisions of the Village Law in relation to the annexation of territory to an existing village have been substantially complied with.

The claim that the petition was not executed by a majority of the qualified electors residing in the territory which it was sought to annex has been abandoned by all of the plaintiffs, after a trial.

The claims which the various plaintiffs assert are, in substance:

(a) That lands have been annexed which did not adjoin the old village.

(b) That the territory which has been annexed consists of five separate localities, so that five annexation proceedings have been consolidated in one.

(c) That the property of certain plaintiffs is not adapted to village purposes and uses.

(d) That land of the Westchester county park commission has been annexed.

The old village of Croton-on-Hudson was a compact locality located on the east shore of the Hudson river and included an area of about one square mile.

The territory which has been annexed to the village of Croton-on-Hudson surrounds the old village on the north, east and south, the Hudson river forming the west boundary of the old village, as well as of the new.

The area of territory annexed to the old village far exceeds the area of the old village.

The old village had a bonded debt of $180,000 and the total assessed valuation of the new village (including the annexed territory) is almost three times as much as the assessed valuation of the old village.

There are three well-defined settlements in the annexed territory, Harmon on the south, Mt. Airy on the east and Oscawana on the north. These settlements are unincorporated and all lie in the town of Cortlandt.

The property belonging to various plaintiffs is not contiguous to the old village but all of the property annexed, taken as a unit, is contiguous to the old village, all of the property annexed being contiguous either to the old village or to property which is annexed to the old village.

The signers of the petition for annexation were largely obtained in what is known as the Harmon region, and while it is unnecessary to so find it is probable that a majority of the qualified electors in neither the Mt. Airy nor the Oscawana districts signed the petition for annexation.

The topography of some of the lands included in the annexed territory is such as to make its use for village purposes difficult. There are ravines, high ridges and low lands, especially in the Oscawana district.

All of these topographical conditions exist to a greater or less extent in most of the cities located on the shores of the Hudson river. The problem of supplying the higher areas with water and paved streets and other improvements may be a difficult one but is not impracticable.

The provisions of the Village Law relating to annexation make no provision for the existence of settlements in the annexed territory, and do not require that the signers of the petition for annexation be qualified electors in such existing settlements. All that the statute requires is that the petition be signed by a majority of qualified electors in the annexed territory.

The court may not extend the statutory requirement, and it must, therefore, be held that the petition upon which the annexation proceeded in this case was sufficient.

Nor does the Village Law make any provision for a review by the court of the justice of the proceeding for annexation, or as

to the adaptability of the territory sought to be annexed, or the propriety of annexing the territory to an existing village.

Many of the cases cited in the briefs submitted by various plaintiffs arose under statutes or constitutional provisions for a review by the courts of one or more of these questions, but there is nothing in the Village Law or in our State Constitution which makes such provision.

Nor does the fact that the annexed territory includes county owned lands appear to affect the validity of the annexation. It is quite conceivable that the addition of an existing park to the village may be of great benefit even though it be exempt from taxation.

In the Crumley case the further claim is made that the provisions of the Village Law relating to annexation are unconstitutional in that there is no provision for an election of village officers immediately following annexation, with the result that during the period from annexation to the next village election those resident in the annexed territory are being governed by village officers in whose election they had no part.

No controlling authority is cited in support of this proposition, and none has been found by the court. Its novelty, after so many years during which annexation proceedings have been common, is a sufficient answer.

The principal arguments in opposition to the annexation of territory to the village of Croton-on-Hudson are arguments which should be addressed to the Legislature, not to the courts.

As there has been substantial compliance with the statutory requirements it must be found that the territory involved in this case has been annexed to the village of Croton-on-Hudson, that the taxes imposed are valid and that the complaint in each action must be dismissed, with costs.