# 854

MARY BECKWITH, Respondent, v. THE CITY OF PLATTSBURGH, Appellant. (LEE N. PARO, THE DELAWARE AND HUDSON RAILROAD CORPORATION, Impleaded Defendants.) — The city appeals from a judgment entered after the verdict of a jury. The plaintiff received serious injuries while riding in an automobile along one of the defendant's streets. There was sufficient evidence to present an issue as to defendant's negligence. The charter of the city [Laws of 1902, chap. 269, § 143] contains an actual notice provision. The proof tended to show that the superintendent of public works had actual notice of the dangerous and unsafe condition of the street. Judgment affirmed, with costs. Hill, P. J., Crapser, Heffernan and Foster, JJ., concur; Bliss, J., dissents on the ground that no actual notice of the defective condition was given to the city at least five days before the accident.

In the Matter of the Application of the VILLAGE OF SARANAC LAKE, Respondent, for an Order against LEE W. GILLISPIE and Others, as the Town Board of the Town of St. Armand, Appellants.— This is an appeal from an order of the Essex Special Term of the Supreme Court directing the members of the town board of the town of St. Armand to execute their consent to the petition for the annexation by the village of Saranac Lake of territory in the town of St. Armand. The village of Saranac Lake is the owner of a plot of land of six acres in the town of St. Armand, a mile and a half distant from the village line. It erected a disposal plant thereon and connected the same with the village sewers by a pipe line. The village is also the owner of a strip of land ten feet wide through which the conduit runs which extends from the village line to the six-acre plot. The village instituted this proceeding under section 348 of the Village Law and its petition complies with all the provisions of that section. The Special Term directed the officials of the town to execute their consent to the annexation. The court held that all the territory sought to be annexed adjoined the village. This determination is correct. (*Jarl Co. v. Village of Croton-on-Hudson*, 148 Misc. 150; affd., 238 App. Div. 865; affd., 262 N. Y. 551; *Jarl Co. v. Village of Croton-on-Hudson*, 148 Misc. 153; affd., 238 App. Div. 865; affd., 262 N. Y. 551.) Order of the Special Term affirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.