James A. RIDINGS et al., etc., Appellants,

v.

CITY OF OWENSBORO et al., Appellees.

Court of Appeals of Kentucky.

April 17, 1964.

As Modified on Denial of Rehearing

Nov. 25, 1964.

Sandidge & Sandidge, Owensboro, for appellants.

William T. Carroll, Owensboro, for appellee.

Wilson & Wilson, Owensboro, amicus curiae.

CULLEN, Commissioner.

This appeal presents the questions of whether, to make proper the annexation of territory by a city, the territory must be contiguous to the city, and if so, is contiguity existing only through a "corridor" sufficient. The questions are of first impression in this Court.

The City of Owensboro annexed, in one ordinance, two subdivisions located on a public highway (Old Hartford Road) south of the city, one of the subdivisions being 2,200 feet, and the other 3,600 feet, from the city boundary. The ordinance also annexed the highway itself, from the city limits to the farther subdivision. In

another ordinance the city annexed a tract of land (which had been purchased by the city as the site for a municipal power plant) located on U. S. Highway No. 60 some 10,000 feet east of the city limits. This ordinance also annexed the highway from the city limits to the tract.

The instant action was brought by two citizens, property owners and taxpayers of the city, suing on behalf of others similarly situated, to enjoin the enforcement of the ordinances. The circuit court dismissed the action and the plaintiffs have appealed.

■ We consider first the question of whether territory that is not contiguous to a city properly may be annexed by the city. (If contiguity should be held not to be a requirement, then we would not reach the question of whether contiguity existing only by virtue of abutment on a finger or corridor extending radially out from the city is sufficient.)

The Kentucky annexation statutes (except for KRS 81.280 relating to annexation of industrial plants) do not in terms limit annexation to contiguous territory. However, it is our opinion that such a limitation is inherent in the statutes.

The very concept of a city is of a geographical (as well as political) *unit*. As stated in 37 Am.Jur., Municipal Corporations, sec. 27, p. 644:

"* * * The legal as well as the popular idea of a municipal corporation in this country, both by name and use, is that of oneness, community, locality, vicinity; a collective body, not several bodies; a collective body of inhabitants—that is, a body of people collected or gathered together in one mass, not separated into distinct masses, and having a community of interest because residents of the same place, not different places. So as to territorial extent, the idea of a city is one of unity, not of plurality; of compactness or contiguity, not separation or segregation. * * *"

Furthermore, the word "annex" itself connotes the idea of a joining together. In re Annexation to City of Easton, etc., 139 Pa.Super. 146, 11 A.2d 662; Maumee School Tp. v. School Town of Shirley City, 159 Ind. 423, 65 N.E. 285; England v. Eckley, Mo.App., 322 S.W.2d 146.

The substantial weight of authority from other jurisdictions appears to be that contiguity is required even in the absence of a specific statutory requirement to that effect. See 37 Am.Jur., Municipal Corporations, sec. 27, pp. 644, 645; 2 McQuillin, Municipal Corporations, 3rd Ed. (including 1963 Cumulative Supplement), sec. 7.20.

The fact that KRS 81.280, relating to annexation of industrial plants, specifically requires contiguity, we think is not indicative of a legislative intent that contiguity is not a requirement of other annexations. It indicates nothing more than that the legislature in that particular statute chose to spell out specifically a requirement that is inherent in the other statutes.

The fact that the legislature did not contemplate noncontiguous annexations is illustrated by KRS 84.040, which requires that wards in cities of the second class be composed of "adjacent and compact territory."

■ It is our conclusion that annexation of noncontiguous territory is not authorized by the Kentucky statutes. This construction of the statutes will not, we think, unduly hamper city expansion because in most instances where property near (but not contiguous to) a city has developed to such extent as to be suitable and adaptable for annexation, a reasonable amount of intervening territory, though not presently suitable by itself for annexation, may be annexed with the other property. See Mitchell v. Central City, Ky., 354 S.W.2d 281.

■ We come now to the question of whether territory may properly be considered to be contiguous if its contiguity

exists only through a corridor or finger. We think the answer should be that the proper contiguity should not be found to exist in such situations unless the corridor or finger itself has a municipal value, i. e., unless it alone serves some municipal purpose. Otherwise, the use of the corridor or finger must be considered a mere subterfuge.

■ We do not undertake to say that the annexation of a radial highway, alone, never could serve a legitimate municipal purpose, but in the instant case it is obvious that the annexation of the two highways was for the sole purpose of providing contiguity for the three annexed tracts. No reason or purpose is shown for the annexation of the highways as such. Under these circumstances it is our opinion that the annexation of the highways was a mere subterfuge, and therefore they cannot supply the necessary contiguity for the three tracts to which they lead.

A number of courts have held that corridor annexation is not proper. See Clark v. Holt, 218 Ark. 504, 237 S.W.2d 483; State ex rel. Danielson v. Village of Mound, 234 Minn. 531, 48 N.W.2d 855; Potvin v. Village of Chubbuck, 76 Idaho 453, 284 P.2d 414; People ex rel. Village of Worth v. Ihde, 23 Ill.2d 63, 177 N.E.2d 313; City of Denver v. Coulehan, 20 Colo. 471, 39 P. 425, 27 L.R.A. 751; Wild v. People ex rel. Stephens, 227 Ill. 556, 81 N.E. 707.

It appears that only in New York and California has corridor annexation been held proper. See Village of Saranac Lake v. Gillispie, 261 App.Div. 854, 24 N.Y.S.2d 403. People ex rel. Forde v. Town of Corte Madera, 115 Cal.App.2d 32, 251 P.2d 988. The New York court gave no reasons for its decision. While the California court gave reasons we do not find them persuasive.

In Texas it has been held that corridor annexation is not void, but the Texas court has indicated that such an annexation may be attacked as an abuse of power and discretion. See State ex rel. City of West Orange v. City of Orange, Tex.Civ.App., 300 S.W.2d 705.

■ Our view is somewhat similar to that of the Texas court. As hereinbefore stated, we think that the propriety of a corridor annexation depends upon whether the corridor itself has some municipal value or serves some municipal purpose. Obviously, the determination of that question involves some elements of judgment or discretion. Accordingly, it is our opinion that the impropriety of a corridor annexation would not render the annexation void, but only make it subject to being set aside as an abuse of discretion. Such an attack would have to be made seasonably. Cf. Hall v. Noplis, Ky., 367 S.W.2d 456.

■ In the instant case the attack was made within three months of the passage of the ordinance annexing the two subdivisions, and before the passage of the final ordinance annexing the power plant site. This was seasonable.

Our conclusion is that the annexations should have been set aside as abuses of discretion, since the three annexed tracts have no contiguity to the city other than through the highways, and the highways themselves have not been shown to be of any municipal value or to serve any municipal purpose.

Our conclusion makes unnecessary any discussion of the question of whether the annexation ordinances were published properly.

The judgment is reversed with directions to enter judgment setting aside the annexation ordinances.