No. 97-473

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


MISSOULA RURAL FIRE DISTRICT, a political
subdivision of the State of Montana; ARLENE HARRIS;
GERALD SAULTER and NANCY SAULTER;
MARY MARGARET ZECKMAN; JAMES SCHINDLER
and CATHY J. SCHINDLER; ARWOOD D. STICKNEY
and ELIZABETH M. STICKNEY; VERNA LANGE;
JAMES L. GLANTZ and JOANNA JOYCE GLANTZ;
KRISTINE A. SOMMERVILLE and LOUIS J. SOMMERVILLE;

Plaintiffs and Appellants,

v.

CITY OF MISSOULA, a municipal corporation,

Defendant and Respondent.


APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jeffrey M. Sherlock, Judge presiding.


COUNSEL OF RECORD:

For Appellants:

M. Richard Gebhardt, Attorney at Law, Missoula, Montana

For Respondent:

Jim Nugent, Missoula City Attorney, Missoula, Montana


Submitted on Briefs: November 13, 1997

Decided:     December 23, 1997
Filed:

_____
Clerk

Justice Jim Regnier delivered the opinion of the Court.

In February 1996, the Missoula Rural Fire District and a number of private property owners (appellants) filed an action in the District Court for the Fourth Judicial District in Missoula County against the City of Missoula to challenge the validity of three municipal annexation resolutions adopted on January 22, 1996. The parties subsequently filed cross-motions for summary judgment. On April 30, 1997, following review of the record, the District Court issued an order granting the City of Missoula's motion for summary judgment, and denying appellants'. Appellants timely filed a motion for reconsideration, which the District Court denied by way of a June 16, 1997, order. It is from these two District Court orders that appellants appeal. For the reasons stated below, we affirm.

The dispositive issue on appeal is whether the District Court erred in granting the City of Missoula's motion for summary judgment, and correspondingly denying appellants' cross-motion for summary judgment and motion for reconsideration.

FACTUAL AND PROCEDURAL BACKGROUND

On January 22, 1996, the City of Missoula adopted Municipal Annexation Resolutions 5816, 5817, and 5818 pursuant to which it annexed land, commonly known as the East Reserve area, located to the east of Reserve Street and west of pre-existing city limits. More specifically, Resolution 5816 annexed that portion of the East Reserve area generally bounded by Brooks Street, Paxson Street, Reserve Street, and South Avenue. Resolution 5817 incorporated within the City of Missoula's limits neighboring land generally bounded by South Third Street West, South Avenue, Garfield Street, and Reserve Street. Finally, Resolution 5818 annexed northern land generally bounded by Mullan Road, Russell Street, South Third Street West, and Reserve Street.

Segments of Reserve Street, South Avenue, and South Third Street West, standing in isolation from any other city property, thus border portions of the land annexed by these resolutions. Indeed, in certain places, the perimeter surrounding the annexed land is only as wide as the street itself. For example, a long stretch of Reserve Street, annexed by the City of Missoula in 1993, bounds the western edge of land annexed by Resolution 5818. Relying in part upon the narrow boundaries formed by these roadways, the Missoula City Council adopted each of the three Resolutions at issue in the present case pursuant to the "wholly surround" method of annexation as provided for by õ 7-2-4501, MCA.

On February 16, 1996, appellants filed suit to challenge the City of Missoula's use

of the "wholly surround" method of annexation in this case and to challenge the validity
of Municipal Annexation Resolutions 5816, 5817, and 5818. By way of their complaint, appellants sought a preliminary injunction, a writ of mandate, a permanent injunction, and
a declaration by the court voiding Resolutions 5816, 5817, and 5818.  On March 18, 1996, the City of Missoula filed a motion for summary judgment, which, except with respect to the issue of notice, the court denied in an October 16, 1996, order.  The court
determined the record contained insufficient facts upon which it could premise a grant of
summary judgment and, on that basis, additionally denied appellants' request for a temporary injunction, writ of mandamus, and declaration voiding the annexation Resolutions.

The parties subsequently supplemented the record and filed cross-motions for summary judgment, agreeing that the issues presented were ripe for determination as a matter of law.  On April 30, 1997, the District Court issued an order granting the City
of Missoula's motion for summary judgment, and denying appellants'.  Appellants accordingly filed a motion for reconsideration, which the court denied on June 16, 1997.
On June 20, 1997, appellants filed their notice of appeal from these two orders by the
District Court.

STANDARD OF REVIEW

This Court's standard of review in appeals from summary judgment rulings is de novo.  Treichel v. State Farm Mut. Auto. Ins. Co. (1997), 280 Mont. 443, 446, 930 P.2d
661, 663. (citing Motarie v. Northern Montana Joint Refuse Disposal Dist. (1995), 274 Mont. 239, 242, 907 P.2d 154, 156; Mead v. M.S.B., Inc.  (1994), 264 Mont. 465, 470, 872 P.2d 782, 785).  This Court reviews a summary judgment order entered pursuant to Rule 56, M.R.Civ.P., based on the same criteria applied by the district court. Treichel,
280 Mont. at 446, 930 P.2d at 663 (citing Bruner v. Yellowstone County (1995), 272 Mont. 261, 264, 900 P.2d 901, 903).

In proving that summary judgment is appropriate:
The movant must demonstrate that no genuine issues of material fact exist.
Once this has been accomplished, the burden then shifts to the non-moving
party to prove by more than mere denial and speculation that a genuine
issue does exist.  Having determined that genuine issues of material fact do
not exist, the court must then determine whether the moving party is
entitled to judgment as a matter of law.  [This Court] reviews the legal
determinations made by the district court as to whether the court erred.

Bruner, 272 Mont. at 264-65, 900 P.2d at 903.
Moreover, the "moving party has the burden of showing a complete absence of any genuine issue as to all facts considered material in light of the substantive principles that
entitle the moving party to judgment as a matter of law and all reasonable inferences are
to be drawn in favor of the party opposing summary judgment."  Kolar v. Bergo (1996), 280 Mont. 262, 266, 929 P.2d 867, 869.

## DISCUSSION

Did the District Court err in granting the City of Missoula's motion for summary judgment, and correspondingly denying appellants' cross-motion for summary judgment?

The Missoula City Counsel passed Resolutions 5816, 5817, and 5818 pursuant to õ 7-2-4501, MCA, which provides for the annexation of wholly surrounded land. Specifically, õ 7-2-4501, MCA, provides that:

> A city may include as part of the city any platted or unplatted tract or parcel of land that is wholly surrounded by the city upon passing a resolution of intent, giving notice, and passing a resolution of annexation. Except as provided in 7-2-4502, the provisions of 7-2-4312 through 7-2-4314 apply to these resolutions and the notice requirement.

Appellants argue those portions of the East Reserve area incorporated into Missoula's city limits by Resolutions 5816, 5817, and 5818, were not, in fact, wholly surrounded, and that the court accordingly erred in upholding the annexations. More specifically, appellants argue the District Court erred in concluding that the City of Missoula may annex a roadway as a contiguous parcel of land, and subsequently rely on that roadway to wholly surround and annex additional tracts of land. We will address each prong of the appellants' argument in turn.

A. Street corridor annexations

As noted above, portions of Reserve Street, South Avenue, and South Third Street West, standing alone, border portions of the land annexed by Resolutions 5816, 5817, and 5818. The record indicates that, beginning in the early 1900s and ending in 1993, the City of Missoula annexed portions of Reserve Street, South Avenue, and South Third Street West as contiguous parcels of land. Appellants argue that Montana law does not authorize the annexation of a roadway as a contiguous parcel of land, and contend the District Court erred in upholding the validity of these prior annexations.

For the purposes of annexation, õ 7-2-4301, MCA, defines contiguous land as:

> Tracts or parcels of land proposed to be annexed to a city or town under the provisions of this part shall be deemed contiguous to such city or town even though such tracts or parcels of land may be separated from such city or town by a street or other roadway, irrigation ditch, drainage ditch, stream, river, or a strip of unplatted land too narrow or too small to be platted.

Appellants contend that a street or road, standing alone, does not constitute a tract or parcel of land as contemplated by the provisions of õ 7-2-4301, MCA, and maintain that a city may not annex a street or road unless it includes additional land in the area annexed. Appellants also argue that, even if õ 7-2-4301, MCA, permits the annexation of a roadway, a roadway is such a narrow strip of land that it cannot then be deemed contiguous to a city or town. In particular, appellants take issue with Resolution 5477, adopted in 1993 and pursuant to which the City of Missoula annexed a long stretch of Reserve Street. Appellants note that the only portions of Reserve Street abutting the City

of Missoula were the intersection properties at South Avenue, South Third Street, and Mullan Road, and argue that Reserve Street was thus not contiguous to the City of Missoula.

In response, the City of Missoula first argues appellants lack standing to challenge the validity of the 1993 annexation of Reserve Street, as well as any other prior annexations pursuant to which the City of Missoula incorporated portions of Reserve Street, South Avenue, and South Third Street West. The City of Missoula notes that appellants did not own property in any areas annexed prior to January 22, 1996, and thus argues they lack standing to challenge those prior annexations. Even if appellants have standing, the City of Missoula argues, a legitimate governmental purpose existed for the street corridor annexations which it contends were both legal and valid.

The City of Missoula first argues that appellants do not have standing to challenge the various street corridor annexations which preceded the passage of Resolutions 5816, 5817, and 5818. In its order on the parties' cross-motions for summary judgment, the District Court declined to completely address the question of appellants' standing to challenge the street corridor annexations which occurred prior to the 1996 passage of Resolutions 5816, 5817, and 5818. In so doing, the court wrote that:

First, the City of Missoula maintains that the Missoula Rural Fire District has no standing to challenge these prior annexations since it owns no real estate in the areas annexed. While this may or may not be true, the Court does not need to reach that decision, since no one has contested the standing of the other Plaintiffs.

It is true that the City of Missoula contests the standing of the Missoula Rural Fire District to challenge Resolutions 5816, 5817, and 5818, but does not contest the remaining appellants' standing to do so. Thus, the District Court was correct in concluding that it need not address the issue of standing with respect to the challenge to these January 22, 1996, annexations. However, it is clear from the record that the City of Missoula does indeed contest the standing of each and every appellant to challenge street corridor annexations which occurred prior to January 22, 1996.

For example, in its March 13, 1996, answer, with respect to Resolution 5477 pursuant to which the City of Missoula annexed portions of Reserve Street, the City of Missoula explicitly asserts that: "Plaintiffs have no standing to challenge an August 23, 1993, municipal annexation that occurred more than two and one-half years ago and did not involve property owned by plaintiffs."

Thus, review of the record indicates the District Court was incorrect in concluding that the City of Missoula has not contested the standing of all appellants to challenge those annexations occurring prior to January 22, 1996. Although the District Court improperly declined to address this question of standing, we note that the City of

Missoula has not appealed from the District Court's order. Thus, the issue of appellants' standing to challenge those prior annexations is not properly before this Court on appeal and we decline to address it.

Accordingly, without reaching the question of appellants' standing, we turn first to the question of whether those street corridor annexations passed prior to January 22, 1996, including Resolution 5477, pursuant to which the City of Missoula annexed a roughly three-mile-long stretch of Reserve Street, are both legal and valid.

As noted, appellants first argue that a road, such as Reserve Street, cannot constitute a "tract or parcel" of land, as contemplated by õ 7-2-4301, MCA, and that a city cannot annex a roadway without annexing additional land. Appellants argue that neither õ 7-2-4301, MCA, nor any other statutory provision authorizes the City of Missoula to annex a street or roadway, and that Resolution 5477, and any other street corridor annexations, are accordingly invalid.

Although appellants apparently argue that a street simply cannot qualify as an annexable "tract or parcel" of land pursuant to õ 7-2-4301, MCA, we conclude otherwise. Although not statutorily defined, a "tract" or "parcel" of land is commonly understood to mean some area of land. A street is indisputably an area of land, however narrow or long. Thus, the critical issue is not whether a street is annexable as a "tract or parcel" of land, as contemplated by õ 7-2-4301, MCA, but whether a street can be considered contiguous to other land for purposes of annexation pursuant to õ 7-2-4301, MCA.

Accordingly, we turn next to appellants' argument that, even if õ 7-2-4301, MCA, permits the annexation of a roadway, a roadway is such a narrow strip of land that it cannot then be deemed contiguous to a city or town for the purposes of annexation. Although appellants contest the City of Missoula's ability to annex any roadway as contiguous land, they have narrowed the scope of their discussion to more specifically contest the validity of Resolution 5477, enacted by the City of Missoula on August 23, 1993, and pursuant to which it annexed a substantial stretch of Reserve Street.

With respect to that segment of Reserve Street annexed by Resolution 5477, appellants note that nearly a mile of platted property separates Missoula's western boundary from Reserve Street's eastern edge. They further note that Reserve Street's only contiguity with the City of Missoula existed at the intersection properties at South Avenue, South Third Street, and Mullan Road, and argue that Reserve Street could thus not be considered contiguous with the City of Missoula for purposes of annexation.

In response, the City of Missoula argues such street corridor annexations are valid, particularly where enacted to serve a legitimate government purpose. The City of Missoula argues it enacted Resolution 5477, and annexed portions of South Avenue and South Third Street West, pursuant to just such a legitimate government purpose, and

that
those annexations are accordingly both legal and valid.

As did the District Court, we note that those courts that have approved similar street corridor annexations have done so most commonly where their respective state legislatures have not specifically disapproved of the practice, and where the annexations serve legitimate municipal or public needs. See, e.g., Taylor v. City of Chandler (Ariz. Ct. App. 1972), 498 P.2d 158, 159 (approving annexation of strip of land 510 feet wide and four and one-half miles long as contiguous); Board of County Commissioners of Jefferson County v. City and County of Denver (Colo. Sup. Ct. 1977), 566 P.2d 335, 338-39 (permitting roadway annexation because such annexations not prohibited by the legislature); Merritt v. City of Campbellsville (Ky. Ct. App. 1984), 678 S.W.2d 788, 791 (approving annexation of corridor for water mains in municipal interest); Ridings v. City of Ownsboro (Ky. Ct. App. 1964), 383 S.W.2d 510, 512 (recognizing that propriety of "a corridor annexation depends upon whether the corridor itself has some municipal value or serves some municipal purpose," and voiding annexation of two highways where no such purpose existed); Village of Saranac Lake v. Gillispie (N.Y. App. Div. 1941), 261 A.D. 854 (concluding tract of land one and one-half miles long and ten feet wide which carried village sewer pipeline, adjoined the village, and approving its annexation). In Ridings, the court held that a corridor will only be considered contiguous where "the corridor or finger itself has a municipal value, i.e., unless it alone serves some municipal purpose. Otherwise, the use of the corridor or finger must be considered a mere subterfuge." Ridings, 383 S.W.2d at 512.

In the present case, the City of Missoula argues it had just such a legitimate governmental purpose for annexing those portions of Reserve Street, South Avenue, and South Third Street West at issue on appeal. For instance, the City of Missoula notes the annexed streets each contained city sanitary sewer mains, and represents that the City of Missoula had street maintenance contracts for these streets.

Furthermore, as the District Court noted, that portion of Reserve Street annexed pursuant to Resolution 5477 paralleled pre-existing city limits, and connected the City at the its north and south ends. Moreover, it touched pre-existing city limits at several locations on its east and west sides.

We conclude that the existing geographical connections, in conjunction with the City of Missoula's legitimate governmental interest in the annexations, renders the street annexations at issue in the present case valid annexations of contiguous land pursuant to õ 7-2-4301, MCA.

B.   Use of annexed roadway to wholly surround additional tracts of land

Appellants argue that, even if the City properly annexed the pertinent portions of Reserve Street, South Avenue, and South Third Street West, it could not subsequently rely on those annexed streets to wholly surround the additional tracts of land annexed by Resolutions 5816, 5817, and 5818. Thus, appellants argue the District Court erred in concluding Resolutions 5816, 5817, and 5818 were proper exercises of the City of Missoula's power to annex wholly surrounded territory.

Section 7-2-4501, MCA, provides that "[a] city may include as part of the city any platted or unplatted tract or parcel of land that is wholly surrounded by the city upon passing a resolution of intent, giving notice, and passing a resolution of annexation."

Interpreting õ 7-2-4501, MCA, we have defined a "wholly surrounded" tract of land as one "where all lands on the side of the tract are within the city and where it is impossible to reach the tract without crossing such territory." Missoula Rural Fire Dist. v. City of Missoula (Mont. 1997), 938 P.2d 1328, 1329-30, 54 St. Rep. 480, 481 (quoting Calvert v. City of Great Falls (1969), 154 Mont. 213, 218, 462 P.2d 182, 184).

Having upheld the District Court's determination that the City properly annexed those portions of Reserve Street, South Avenue, and South Third Street West which form the perimeter around appellants' land, we similarly uphold the court's conclusion that Resolutions 5816, 5817, and 5818 "were proper exercises of the City's power to annex wholly surrounded territory." We conclude, as did the District Court, that "the territory in question was wholly surrounded when it was annexed" because each side of the tracts was within the City of Missoula, and because it was impossible to reach any of the tracts without crossing City territory, however narrow.

Based on the foregoing discussion, we uphold the District Court's order granting the City of Missoula's motion for summary judgment and denying appellants' motion for summary judgment and motion for reconsideration.

/S/ JIM REGNIER

We Concur:
/S/ J. A. TURNAGE
/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ TERRY N. TRIEWEILER