JUSTICE RICE,
concurring.
¶37 This case demonstrates how far the courts have permitted annexation procedure to depart from the requirements of the statutes with regard to the issue of contiguity. In my view, the courts have gotten ahead of the Legislature on this issue and legislated provisions that have significantly altered, and certainly watered down, the Legislature’s contiguity requirement.
¶38 Below, the unshaded area, at the top left of the map, indicates the area currently within the City of Lewistown. The two shaded areas are the properties that the City is seeking to annex in this case, which I will refer to as the North Area and the South Area. Running down through and adjacent to these separated properties is a segment of Castle Butte Road, which the City also seeks to annex.

*456

¶39 The Legislature has authorized cities to annex land that is “wholly surrounded by the city,” § 7-2-4501, MCA, or land that is “contiguous to any incorporated city,” § 7-2-4311, MCA. The City of Lewistown here claims, and the Court holds, that all of the land in the North Area, South Area, and Castle Butte Road are “contiguous” to the City of Lewistown. Opinion, ¶ 18.
¶40 What is obvious from the map is the land comprising the proposed annexation areas is not “contiguous” to the City, as that term is *457 commonly understood, and as the Land Owners argue. The Court faults the Land Owners for failing to consider § 7-2-4301, MCA, see Opinion, ¶ 18, but that statute clearly does not authorize what is occurring here. The provision simply authorizes annexation of properties that would otherwise be contiguous except for a street, roadway, or tract of land “too narrow or small to be platted,” which separates them. Section 7-2-4301, MCA. This is the extent of the legislatively-enacted exception to the contiguity requirement to account for roads or small properties.
¶41 The Legislature’s contiguity requirement was significantly altered by this Court in Missoula Rural Fire Dist. v. City of Missoula, 286 Mont. 387, 950 P.2d 758 (1997). First, the Court held that a road constituted a “tract” or “parcel” under § 7-2-4301, MCA, and therefore could itself be annexed without limitation, “however narrow or long” it may be. Missoula Rural Fire Dist., 286 Mont, at 394, 950 P.2d at 762. Of course, if the Legislature intended this statute to authorize annexation of roads, then the exception to the contiguity requirement to account for roads would be completely unnecessary. The City could simply annex the road as well. However, the Court did not undertake any analysis of legislative intent. This was the first step in a significant expansion of annexation powers.
¶42 Secondly, the Court held that a road, starting within the city and running outside the city, would be considered contiguous in its entire length for purposes of its annexation if the city had a “legitimate governmental interest” in annexing the entire road. Missoula Rural Fire Dist., 286 Mont. at 395, 950 P.2d at 763. This test had no origin under Montana law but was annexed from foreign jurisdictions. Missoula Rural Fire Dist., 286 Mont. at 394-95, 950 P.2d at 762-63. Here, the Land Owners do not challenge the City’s annexation of Castle Butte Road as lacking a “legitimate governmental interest.”
¶43 Then, the Court took one more leap, holding that the now-annexed road would also satisfy the contiguity requirement for the annexation of other, noncontiguous properties beyond the city’s borders that lay along the road. Missoula Rural Fire Dist., 286 Mont. at 396, 950 P.2d at 763. The annexation sought there was of property asserted to be “wholly surrounded” by the City of Missoula under § 7-2-4501, MCA, and the Court used the subject road, after approving its annexation, to hold that the City now wholly surrounded the property. Missoula Rural Fire Dist., 286 Mont. at 396, 950 P.2d at 763. Here, the Court now permits the use of the annexed Castle Butte Road to satisfy the contiguity requirement, not for “wholly surrounded” annexation as in *458 Missoula Rural Fire Dist., but for “contiguous” annexation under § 7-2-4311, MCA.
¶44 The judicial changes to the annexation process permit a city to use roads to extend octopus-like annexation tentacles into non-contiguous areas, and then annex properties that would otherwise be completely non-contiguous to the city, in contravention of the annexation statutes. This is what has occurred here. While an argument could be made that the North Area satisfies the statutory contiguity requirement, the South Area could not be considered contiguous without this Court’s rulings that expansively permit annexation of Castle Butte Road and of the otherwise non-contiguous areas lying along the Road.
¶45 We have stated that “ j w|e presume that the legislature is aware of the existing law, including our decisions interpreting individual statutes .... We presume that if the legislature disagreed with our interpretation ... it would have amended the statute accordingly.’ ” Musselshell Ranch Co. v. Seidel-Joukova, 2011 MT 217, ¶ 14, 362 Mont. 1, 261 P.3d 570 (citation omitted). I am concerned that interpreting our part-time Legislature’s silence about our many court decisions to be an agreement with all of them presumes too much. “To presume that the Legislature’s passive failure to amend a statute constitutes affirmative ‘agreement’ with our statutory interpretation is a dangerous and untenable precedent.” Musselshell Ranch Co., ¶ 56 (Nelson, J., concurring and dissenting).
¶46 I realize that there are other legal and practical limitations on annexation beyond the issue of contiguity. However, I am very concerned that the courts have undermined the statutes in this regard and have thereby breached the constitutional separation of powers. Here, we have no argument that Missoula Rural Fire Dist. was wrongly decided and should be overturned, or its principles do not govern. Stare decisis thus requires its application.
¶47 I concur with the Court’s Opinion, although my concurrence with the contiguity portion of the Opinion is most reluctant.
JUSTICE SHEA joins the concurrence.