RICHARD L. HARRISON, ET AL., PLAINTIFFS AND APPELLANTS, *v.* THE CITY OF MISSOULA, MONTANA, A MUNICIPAL CORPORATION AND WESLEY WALDBILLIG, MAYOR OF THE CITY OF MISSOULA, MONTANA, DEFENDANTS AND RESPONDENTS.

No. 10795.

Submitted September 15, 1965. Decided November 12, 1965.

407 P.2d 703.

Anthony F. Keast, Missoula (argued), for appellants.

Fred C. Root and Sherman Lohn, Missoula (argued), for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

The subject of this controversy is the extension of the corporate limits of the City of Missoula by the annexation of certain territory adjacent to the city. The prerequisite annexation statute is section 11-403, R.C.M.1947, as amended. Five separate suits were begun to enjoin the city from proceeding with the annexation. These five suits were consolidated for trial and heard by District Judge E. Gardner Brownlee without a jury. It is from his judgment sustaining the validity of the annexations that this appeal was taken.

The land sought to be annexed is located along the so-called "93 Strip" south from the heart of the City of Missoula. Certain lands of the area were a part of the Missoula County Fire District incorporated under section 11-2008, R.C.M.1947, as amended, and the elected commissioners of said fire district were protestants to the annexation.

In 1962, the City of Missoula, pursuant to section 11-403, R.C.M.1947, adopted a series of resolutions declaring its intention to annex certain property to the City of Missoula. Publication of notice was made as required by law and protests were received. Thereafter, at the next regular meeting of the city council, the protests were heard, were adjudged insufficient and a resolution was passed annexing the land to the city.

The Missoula Fire District, through its officers, contest the annexation alleging that the taking of part of the district into the City would reduce the tax basis for the operation of the district, and would destroy the financial structure of that

quasi-municipal corporation. The officers admit that the district owns no land and has no bonded indebtedness. Wm. Walterskirchen, one of the Fire District officers testified concerning other property owners, who were originally in the Fire District, who had petitioned to become a part of the City of Missoula, as follows:

"A. Our policy is that any area that wishes to petition into the City, that is—we have no—what do I want to say? We have no wish to impede them whatsoever.

"Q. Very well, so when you are anticipating your future income, did you take into consideration areas that might petition in, as you say? A. Yes, to some extent, we did. We realize there will be areas that will petition in. We hope, definitely.

"Q. So, really, the only time that you are going to contest one, an annexation, is where the City does it on their own initiative? A. No, I wouldn't say that. I would say that we would be prone to desire to contest if we feel that the method is not legal, and not proper.

"Q. Then, really, its the method that the City used, not anything else that you are objecting to. A. I might say in conjunction with the wishes of the people in the area. * * *

"Q. You don't have any objection to the Tremper area coming into the city? A. I don't—we don't. I think I can speak for the group, but any area that wishes to come into the City, the Rural Fire District has no objection."

Included in the four other cases consolidated for trial were charges by the appellants of "gerrymandering," by the city council, that the council was arbitrary, capricious and unreasonable; that the annexed lands were not contiguous; that certain lands were unplatted; that certain of the appellants were resident freeholders of the land sought to be annexed; and that certain of the land sought to be annexed was used for recreational, agricultural, manufacturing, or industrial purposes and therefore protected from annexation by the laws of the state. Section 11-403, R.C.M.1947.

We shall first deal with the assignment of error which chal-

lenges the rulings of the lower court on the several motions to dismiss the proceeding.

Though appellants listed some eight specifications of error and submitted ten questions to this court to be answered we find in studying the matter that only three basic issues are involved, and that answering them will properly cover the appeal:

(1) Does section 11-403, R.C.M.1947, violate either the Montana or United States Constitutions?

(2) Did the pre-existence of the Fire District as a quasi-municipal corporation estop the City from annexing lands included in the district for tax purposes?

(3) Did the annexation include agricultural, recreational, industrial or manufacturing property?

As to section 11-403, R.C.M.1947, the constitutionality of the above section has never before been challenged so the question is of first impression to the court. The question, however, is not new to our sister states which have considered many annexation cases. See 37 Am.Jur., Municipal Corporations, § 23, p. 639.

 The problem of annexation has long been considered, in the absence of a constitutional prohibition as a political matter exclusively for legislative control. In his series on Municipal Corporations, Professor Dillon writes:

"Not only may the legislature originally fix the limits of the corporation, but *it may, unless specifically restrained in the Constitution, subsequently annex* or authorize the annexation of, contiguous or other territory and this without the consent, and even against the remonstrance, of the majority of the persons residing in the corporation or on the annexed territory." 1 Dillon on Municipal Corporations, (5th Ed.), p. 617, § 355.

States holding annexation statutes constitutional are so numerous that a list of all of them would only burden the reader, however, a few recent cases in nearby jurisdictions set forth the general principles generally considered in all cases wherein the constitutionality of the act has been challenged:

Fairview Pub. Utility Dist. No. One v. City of Anchorage, 368 P.2d 540 (Alaska 1962); Swift v. City of Phoenix, 90 Ariz. 331, 367 P.2d 791 (1961); Goodnoe Hills School Dist. No. 24, Klickitat County v. Forry, 52 Wash.2d 868, 329 P.2d 1083 (1958); Wheeler School Dist. No. 152 of Grant County v. Hawley, 18 Wash.2d 37, 137 P.2d 1010 (1943).

Appellants having conceded that the City followed the procedure set forth by the statute no specification of error was made on the basis of failure of notice. Rather, appellants challenged the statute in that the notice called for by the statute is inadequate, also, it provides for "class legislation" in that a distinction is made between "freeholders" and "resident freeholders"; that there has been a "taking" of property, and is therefore unconstitutional.

Any attack upon the constitutionality of a statute must bear the burden of the presumption of constitutionality. This court has many times held that in determining the constitutionality of any statute that the court will if possible construe the statute as constitutional. The presumption is for constitutionality. No statute will be held unconstitutional unless its violation of the fundamental law is clear and palpable. Parker v. County of Yellowstone, 140 Mont. 538, 374 P.2d 328; Henderson v. City of Missoula, 106 Mont. 596, 599, 79 P.2d 547, 116 A.L.R. 1425; State ex rel. Tipton v. Erickson, 93 Mont. 466, 19 P.2d 227; School District No. 12 v. Pondera County, 89 Mont. 342, 297 P. 498.

The appellants' brief is absent of light as to what is a "taking of property." If the alleged taking is that of future taxes that would be levied by the City the allegation is without merit. Town of Mt. Pleasant v. Beckwith, 100 U.S. 514, 25 L. Ed. 699; Kelly v. City of Pittsburgh, 104 U.S. 78, 26 L.Ed. 658.

As to whether or not the notice provided for by section 11-403, R.C.M.1947, is "adequate" we are at loss to follow appellants' argument that due process was denied under the holding of Great Northern Ry. Co. v. Roosevelt County, 134 Mont. 355, 332 P.2d 501. We do not agree with appellants that the

above-cited case is in point, for, section 11-403, R.C.M.1947, provides for notice in annexation matters and that is "by publication." Here, such notice was given and it notified the interested parties of the action about to be undertaken by the City and afforded them an opportunity to present their objections.

■ To the appellants' argument that the statute provides for class legislation in that "resident" freeholders could protest the annexation but "non-resident" freeholders could not we find no merit. In the adoption of section 11-403, R.C.M.1947, the legislature, within its discretion, allowed *only* protests of resident freeholders, and further provided that a vote of the majority could defeat the annexation. In its use of the words "if any" after the words resident freeholders, it is obvious that the legislature intended to allow cities to annex land where no freeholders resided, and we find no fault in such a classification.

The second issue for consideration concerns the status of the rural fire district.

■ The appellants contend that the area or the boundaries of the district can only be changed or altered by compliance with the statutes. To so hold would in effect nullify the legislature's reason for annexation, for every municipality is surrounded by quasi-municipal corporations. The shift of population from rural to urban since 1940 is a matter of common knowledge. Montana within the past few years has become a state wherein more people live within incorporated cities and towns than reside in the country. The City of Missoula is one of the fastest growing cities in the state and one of its problems is the suburban areas. Most of the people who live in such areas earn their livelihood in the city. A large percentage of these people market and shop in the city, use the streets and facilities furnished by its public utilities and no one can question that the city is the hub of the commercial, civic and social life of these people. The very reason the legislature passed section 11-403, R.C.M.1947, was to care for this situation. To

hold otherwise would be to handcuff the orderly development of the city.

The appellants argue that section 11-511, R.C.M. 1947, controls the annexation of the fire district, with this contention we cannot agree for section 11-511, R.C.M.1947, covers the procedure to annex land *owned* by a governmental agency or land in which such an agency has a beneficial interest. It is admitted that the rural fire district owns no land in the district, nor can it be argued that there is a "beneficial interest" within the meaning of the statute. The United States Supreme Court in a case arising out of Missoula County said:

"The expression 'beneficial use' or 'beneficial ownership or interest' in property is quite frequent in the law, and means, in this connection such a right to its enjoyment as exists where the legal title is in one person and the right to such beneficial use or interest is in another, and where such right is recognized by law, and can be enforced by the courts, at the suit of such owner or of some one in his behalf. And one is also said to have the beneficial ownership of land who has done everything to entitle him to a patent from the government, and who, therefore, has the legal right to such patent, and all that remains to be done is for the proper officer to issue it." Montana Catholic Missions v. Missoula County, 200 U.S. 118, 127, 26 S.Ct. 197, 200, 50 L.Ed. 398.

The third and last issue to be covered is whether the annexation included agricultural, recreational, industrial or manufacturing property. It must be first noted that the trial judge personally visited the areas in question to see for himself the type of land involved and the use to which the land was being used. In each of the four cases, wherein the allegations of appellants concerned a particular use, the trial judge set forth in a full and detailed summary the evidence and his reasons for holding as he did. On appeal this court entertains and indulges the presumptions that the trial court's determination and judgment are correct, and the burden is cast upon appellants to affirmatively show reversible error. Vail v.

Custer County, 132 Mont. 205, 315 P.2d 993; Koger v. Halverson, 125 Mont. 560, 242 P.2d 273. We have carefully considered all the evidence produced by the appellants to overcome this presumption and find that it fails.

Accordingly the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, DOYLE and CASTLES concur.