THERESA CALVERT on behalf of herself and others simi-
larly situated, Plaintiff and Appellants, *v.* The CITY OF
GREAT FALLS et al., Defendants and Respondents.

No. 11654.
Decided Nov. 20, 1969.
462 P.2d 182.

John M. McCarvel, Great Falls, Robert B. Gillan, argued, Great Falls, for appellants.

Dzivi & Conklin, Great Falls, William Conklin, argued, Great Falls, for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This appeal arises from a denial by the district court of Cascade County of an injunction in the annexation of certain real property owned by the plaintiff-appellants and others to the City of Great Falls.

The case was presented to this Court on an agreed statement of facts. The plaintiff, Theresa Calvert, one of the appellants herein, owns an interest in lots 3 and 4 of the fifteenth addition to the City of Great Falls, which addition had not, up until this action, been incorporated into the City. The platted addition, part of which is sought to be annexed, consists of 25.71 acres of land plus 12 platted lots of varying sizes; not only lots of appellant but numerous other lot owners plus an outdoor theater which covers some 12.97 acres. This 12.97 acres, being an outdoor theater, is an exempt tract, and this is not part of the annexation. It is bounded on the north by Tenth Avenue South, one of the City's main thoroughfares, on the east by Ninth Street South, on the south by Thirteenth Avenue South and on the west by Fourth Street South. The fifteenth addition is entirely surrounded by the City of Great Falls.

On April 30, 1968 the City, by resolution, annexed part of the addition over the written protests of a majority of the freeholders of the land annexed. The City annexed under the provisions of section 11-403(1). para. 2, R.C.M.1947, as stated:

"Provided also, that cities of the first class may include as part of such city any platted or unplatted tract or parcel of

land that is *wholly surrounded* by such city upon passing a resolution advertising and upon passing a further resolution or following such advertising, all in the manner aforesaid, and such land shall be annexed, if so resolved, whether or not a majority of the resident freeholders, if any, of the land to be annexed object; provided, however, that land used for agricultural, mining, smelting, refining, transportation, or any industrial or manufacturing purpose or for the purpose of maintaining or operating a golf or country club, an athletic field or aircraft landing field, a cemetery or a place for public or private outdoor entertainment or any purpose incident thereto, shall not be annexed under this provision." (Emphasis added.)

It is the appellants' position on appeal that in view of the fact that the theater is an exempted tract in an annexation that the addition is not "wholly surrounded" by the City due to the fact it does not touch the City on all four sides of the addition. The argument is that the 12.97 acres of the theater fronting on Fourth Street South breaks the "circle of contiguity", thus not being "wholly surrounded" as provided by section 11-403(1), R.C.M.1947.

After annexation the appellants commenced a suit against the City to enjoin the annexation. The lower court issued a temporary restraining order and issued an order to show cause. The hearing was waived and the matter was submitted on an agreed statement of facts resulting in findings of fact and conclusions of law, and a judgment in favor of the City. The appellants moved to amend the findings and for additional findings and the court entered additional findings of fact and conclusions of law but they were again in favor of the City.

We are faced with two issues on this appeal.

(1) Under the terms of section 11-403 (1), R.C.M.1947, must the term "wholly surrounded" be construed to mean contiguous on all sides to the existing city limits?

(2) As applied to this case is section 11-403(1), R.C.M.1947 unconstitutional class legislation in violation of the Fourteenth Amendment of the United States Constitution and art. 5, Section 26 of the Montana Constitution?

In the discussion of the first issue the appellants have cited numerous cases from other jurisdictions which upon reading we find do not have the same fact situation as in this case, or were decided by the appellate court of the particular jurisdiction under a differently worded statute. We find, however, that it is unnecessary to look beyond our own jurisdiction for controlling case law in finding what is necessary in establishing the guidelines for annexation. In this Court's opinion in the case of Penland v. City of Missoula, 132 Mont. 591, 318 P.2d 1089, we held:

"Since the legislature has set down the manner in which a city may annex outlying territory, and has expressly given the city council the discretion to determine whether or not it is in the best interests of both groups, the exercise of that discretion may be reviewed by a court only when, and if, they have proceeded contrary to statute."

Here there is no such allegation. On the contrary it is agreed and stipulated that the City Council of Great Falls followed the procedural law in all respects.

We find no merit in the appellants' contention that the failure to annex the entire area, including the 12.97 acres owned by the theater and exempt by statute, destroys the City's jurisdiction on the basis that the land annexed is not thereby rendered "wholly surrounded by such city". It must be noted from the exhibits, maps and plats of the area, and it was admitted on argument, that in order to reach any portion of the fifteenth addition, from any direction, it is neces-

sary to cross city territory. The argument that appellants try to make is that to be "wholly surrounded by the city the property must also be wholly contiguous to it." This argument was met in the Penland v. City of Missoula case, supra, when the Court said that a tract of land may be contiguous to a city even though separated from the city "by a street or other roadway, irrigation ditch, drainage ditch, or a strip of unplatted land too narrow or too small to be platted."

■ The requirements of this statute tend to carry out the intent of the legislature as provided in section 11-403(1), R.C.M.1947. The term "wholly surrounded" means that a tract of land where all lands on the side of the tract are within the city and where it is impossible to reach the tract without crossing such territory, the tract is "wholly surrounded."

■ The next issue raised by the appellants challenges the constitutionality of the statute as being class legislation due to the legislative exemptions relating to compulsory annexations of industrial and manufacturing enterprises, golf courses, country clubs, athletic fields, aircraft landing fields, cemeteries and places for public and private outdoor entertainment. The trial judge in his additional conclusion of law No. 2 found that these exemptions were valid and do not violate nor are they inconsistent with any provision of the constitutions of the State of Montana or of the United States. With this conclusion we concur and find no error.

As noted by counsel for the City of Great Falls and cited by the trial judge in his findings of fact and conclusions of law, this Court upheld the constitutionality of the annexation statute in Harrison v. City of Missoula, 146 Mont. 420, 407 P.2d 703. While the question raised in that case went to the adequacy of the notice provisions there was raised the question of class legislation as to the exemption granted land used for recreational, agricultural, manufacturing or industrial pur-

poses. In the Court's discussion in the Harrison case, supra, when considering this issue we said:

"Any attack upon the constitutionality of a statute must bear the burden of the presumption of constitutionality. This court has many times held that in determining the constitutionality of any statute that the court will if possible construe the statute as constitutional. The presumption is for constitutionality. No statute will be held unconstitutional unless its violation of the fundamental law is clear and palpable. (Citing authorities.)" See also State ex rel. Abel v. District Court, 140 Mont. 117, 125, 368 P.2d 572.

The appellants' attack here on the constitutionality of the act as being "class legislation" must overcome the presumption of constitutionality. In this state the presumption of constitutionality becomes specific when the claim of "class legislation" is raised for much of our legislation in the field of property law imposes distinctions and classifications. These distinctions and classifications have been upheld whenever found to be reasonable and to operate equally upon every person or thing in a given class. State ex rel. Redman v. Meyers, 65 Mont. 124, 128, 210 P. 1064; State ex rel. Morgan v. White (Ret. Sys.), 136 Mont. 470, 348 P.2d 991.

This Court held that in order to upset this presumption of constitutionality there must be an affirmative showing of invalidity. In the case of State v. Safeway Stores, Inc., 106 Mont. 182, 76 P.2d 81, the Court expressed itself as follows:

"It must be remembered that in the matter of classification, the Legislature enjoys broad discretion and is not required to go as far as it might in enacting a law. The question of classification is primarily for the Legislature. The presumption is that it acted on legitimate grounds of distinction, if any such grounds existed. (6 R.C.L., sec. 376, p. 364; State v. Loomis, supra [75 Mont. 88, 242 P. 344]; Hilger v. Moore, 56 Mont. 146, 182 P. 477.)

"The constitutional safeguard against unjust discrimination in legislation of this type is well defined by the decisions everywhere, and that is, that the classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike. (Mills v. State Board of Equalization, 97 Mont. 13, 31, 33 P.2d 563.)

"It must be noted that there are no facts or record before this court throwing any authenticated light on the question. We have the statute, coupled with the judicial notice which we may take of the economic conditions prevailing at the time of its enactment. These conditions still persisted in 1935 when the Legislature submitted the general eight-hour day amendment to the people for approval, and they were still existent at the time the amendment was adopted.

"What a court may think as to the wisdom or expediency of the legislation is beside the question and does not go to the constitutionality of the statute. We must assume that the Legislature was in a position and had the power to pass upon the wisdom of the enactment, *and in the absence of an affirmative showing that there was no valid reason behind the classification, we are powerless to disturb it.* As was said in the case of Missouri, K. & T. R. Co. v. May, 194 U.S. 267, at page 269, 24 S.Ct. 638, 639, 48 L.Ed. 971: 'When a state legislature has declared that, in its opinion, policy requires a certain measure, its action should not be disturbed by the courts under the 14th Amendment, unless they can see clearly that there is no fair reason for the law that would not require with equal force its extension to others whom it leaves untouched.'

"Approaching the question in this manner, as we must, we cannot say that the classification was not justified. *It must be presumed that the Legislature had all of the particular and controlling facts before it when it made the classification of*

*cities to be affected by the act on the basis of population."*
(Emphasis added.)

In considering whether or not the legislative policy to exempt certain lands from forced annexations is reasonable it must be presumed that the legislature had before it information which lead them to make the specific classifications and exemptions. Certain facts of common knowledge fortify the presumption of constitutionality attending this statute in question. There are obvious distinctions between the impact of annexation upon commercial and residential property as opposed to agricultural, industrial or recreational property. City zoning laws could drastically affect the operations of the exempt classifications. The benefits of increased services to the residential or commercial property to be annexed are considerable. The fact that there would be an increase of taxation to farm, recreational or an industrial site, without commensurate benefit, were factors that undoubtedly were considered by the legislature in making the exemptions and as such are both reasonable and not arbitrary.

Too, it can be reasonably assumed that the legislature in providing a procedure for fiirst class cities to annex just such "islands within the city" were aware of the health and sanitation problems arising from such areas and the need for the services and regulatory controls provided by the city. The record here on appeal is devoid of any affirmative showing that no valid reasons underlies the classification made by the legislature under the rule set down by this Court in State v. Safeway Stores, Inc., supra.

The classification is reasonable, absent any showing otherwise, as we held in Harrison v. City of Missoula, 146 Mont. 420, 407 P.2d 703:

" 'Not only may the legislature originally fix the limits of the corporation, but *it may, unless specifically restrained in the Constitution, subsequently annex,* or authorize the annexation of, contiguous or other territory and this without the con-

sent, and even against the remonstrance, of the majority of the persons residing in the corporation or on the annexed territory.' 1 Dillon on Municipal Corporations, (5th Ed.), p. 617, § 355."

The judgment of the lower court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL, CASTLES and the HONORABLE L. C. GULBRANDSON, District Judge, sitting in place of MR. JUSTICE BONNER, concur.