STEPHEN D. BRODIE and JAMES LEE, Plaintiffs and Appellants, v. CITY OF MISSOULA, a Municipal Corporation, and Richard G. Shoup, Mayor of said City, Bernice Helm, Clerk et al., Defendants and Respondents.

No. 11578.

Decided April 29, 1970.

468 P.2d 778.

186

Tipp, Hoven & Brault, Missoula, Raymond W. Brault, argued, Missoula, for appellants.

Fred C. Root and Victor Valgenti, Missoula, Victor Valgenti, argued, Missoula, for respondents.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

The City of Missoula, on its own initiative and over the pro-

test of plaintiff property owners, annexed into the city their 30 acre tract of land entirely surrounded by the city. Plaintiff property owners sought a writ of mandate to set aside the annexation, but the district court of Missoula county, Hon. E. Gardner Brownlee, district judge, entered an order and judgment quashing the alternative writ thereby denying the requested relief. From this order and judgment, plaintiff property owners appeal.

Plaintiffs are Stephen D. Brodie and James Lee who jointly own the annexed 30 acre tract. This land lies south of 39th street just beyond the High Peaks area of the city. It is entirely surrounded by the city of Missoula, and is surveyed but unplatted. Plaintiffs also own another 120 acres immediately south of the annexed tract and separated from it only by two 20 foot rights-of-way and a 10 acre tract for park purposes all of which are owned by and within the city of Missoula. Plaintiffs acquired the entire 150 acres in September 1963, and since that time it has been orally "leased" successively to two different persons who have used it for grazing of livestock and haying. At the time of annexation the entire 150 acres was fenced with the lower 30 acres separated by a gate. The annexed 30 acres have been used exclusively for grazing horses and cattle since 1963, when plaintiffs acquired it.

Defendants are the city of Missoula, its mayor, city clerk, and councilmen. On May 13, 1968, the city council passed Resolution No. 2822, a resolution of intention by the city of Missoula to annex into the city the 30 acre tract of land referred to above. These proceedings were taken pursuant to section 11-403(1), R.C.M.1947, Missoula being a city of the first class. In general terms this statute purports to authorize a city of the first class to annex surveyed but unplatted tracts of land entirely surrounded by the city irrespective of any objection by "resident freeholders"; but also provides that if the land is used for agricultural or other specified purposes it cannot be annexed in this manner. The notice of intention to annex was published

and a time was set for a public hearing of the proposed annexation. Plaintiffs timely filed their written protest to the proposed annexation, setting forth various legal objections. Nonetheless, thereafter the tract was annexed to the city of Missoula.

On July 1, 1968 plaintiffs filed their application for a writ of mandate in the district court of Missoula county to annul the annexation and to enjoin defendants from taking any steps to enforce it. Broadly speaking, plaintiffs contended the annexation was illegal because (1) the city did not comply with the requirements of the annexation statute, section 11-403(1), R.C.M.1947, (2) the annexation statute itself is unconstitutional under specified sections of the state and federal constitutions, and (3) the land was used for agricultural purposes exempting it from annexation under section 11-403(1).

An alternative writ was issued returnable July 15. Prior to that date, defendants made their return requesting that the alternative writ be quashed and dissolved. Speaking in general terms, the return admitted the steps the city had taken, denied they were illegal, and claimed a valid annexation of the 30 acre tract in question.

The matter came on for hearing on July 15 and 16, evidence was received on behalf of all parties, and at the conclusion thereof Judge Brownlee granted the defendants' motion to quash the alternative writ. A written order and judgment to that effect was entered the following day. Thereafter plaintiffs moved in writing to amend the court's findings contained in the judgment and to amend the judgment accordingly. Parenthetically we observe that the district court did not enter any findings, confining itself to entry of the judgment alone. At any rate after denial of such motion to amend, plaintiffs filed this appeal from the judgment

Plaintiffs list 13 issues for review upon appeal; defendants list 6. For clarity we condense and summarize the basic, controlling issues in this manner: (1) Did the annexation violate the exemption on agricultural lands? (2) Can Missoula annex the

subject lands (a) without first filing a certificate of survey, or (b) without an affirmative showing of reasonable justification? (3) Does the annexation statute violate federal and state constitutional provisions? We have purposely omitted the issue raised by defendants concerning the use of a writ of mandate as a remedy as we choose to decide this case on the merits rather than on procedural grounds.

At the outset before discussing the issues upon this appeal, we here set out the pertinent parts of the annexation statute under which the city of Missoula proceeded, that statute being section 11-403.(1), R.C.M.1947, as amended:

"* * * any unplatted land that has been surveyed and for which a certificate of survey has been filed * * * and which * * * unplatted land shall be contiguous to any incorporated city of the first class, may be embraced within the corporate limits thereof * * * in the following manner: When, in the judgment of any city council of a city of the first class, expressed by a resolution duly * * * passed * * * it will be to the best interest of such city and the inhabitants of any * * * [such] unplatted land * * * that the boundaries of such city shall be extended, so as to include the same within the corporate limits thereof, the city clerk * * * shall forthwith cause to be published in the newspaper * * * a notice * * * that such resolution has been duly * * * passed, and that for a period of twenty (20) days after the first publication of such notice, such city clerk will receive expressions of approval or disapproval, in writing, of the proposed [annexation], from resident freeholders of the territory proposed to be [annexed]. The clerk shall, at the next regular meeting of the city council * * * after the expiration of said twenty (20) days, lay before the same all communications in writing by him so received for its consideration, and if, after considering the same, such council shall duly * * * pass and adopt a resolution to that effect, the boundaries of such city * * * shall be extended so as to * * * include such

\* \* \* unplatted land \* \* \*; and further provided, that such resolution shall not be adopted by such council if disapproved, in writing, by a majority of the resident freeholders \* \* \* of the territory proposed to be embraced \* \* \*.

"Provided also, that cities of the first class may include as part of such city any \* \* \* unplatted tract \* \* \* of land that is wholly surrounded by such city upon passing a resolution advertising and upon passing a further resolution or following such advertising, all in the manner aforesaid, and such land shall be annexed, if so resolved, whether or not a majority of the resident freeholders, if any, of the land to be annexed object; provided, however, that land used for agricultural [purposes] \* \* \* shall not be annexed under this provision."

Plaintiffs' contention on the first issue for review is simply that the 30 acre tract of land annexed was used for agricultural purposes by a previous owner prior to 1963; that it has been so used at all seasonal times since 1963 when plaintiffs acquired it; that this 30 acre tract has been used with an adjoining 120 acre tract owned by plaintiffs and located outside the city limits as one unit for agricultural purposes; and that agricultural lands are exempt from annexation under section 11-403(1) heretofore quoted.

The evidence shows that the 30 acre tract has been owned and held jointly by plaintiffs since September 1963, and since that time plaintiffs have orally "leased" it, together with the adjoining 120 acres, to two successive "lessees" for a monthly rental under an arrangement that could be terminated at will. The two "lessees" had used the 30 acre tract exclusively for grazing horses and cattle, and parts of the 120 acre tract additionally for haying. The entire 150 acres were enclosed by a fence with the 30 acre tract, which contained the only water, separated by a gate. Mr. Nugent, city council member and chairman of the annexation committee, testified that at the time the tract was annexed it was not being used for agricultural

purposes. The true nature of the purpose for which the property ·was used and held is indicated by the testimony of Mr. Stephen Brodie, one of the owners, on cross-examination by Mr. Valgenti, counsel for the city of Missoula:

"Q. You stated in your testimony when you were discussing the location of the park that your concern with the—I guess the general area there, your property in the general area was for residential purposes? A. Yes.

"Q. Is this your plan for the area that's sought to be annexed? A. Yes.

"Q. It is. Is there anything—any plat filed on this? A. No.

"Q. Now, I believe yesterday—A. There is not any plat filed in the County Clerk and Recorder's; I am confident that there are—possibly even the City or the City-County Planning board does have a map showing this tenative development."

Judge Brownlee, at the conclusion of the hearing, observed that "here we have a monthly lease that can be terminated at will. Of course, this to me is a strong point in showing that the agricultural use is incidental to the main purpose for which the land is held." His concluding remarks summed up his view of the evidence:

"And so finding, finding that this is primarily a developmental parcel for housing development, the agricultural use seems to be to be very incidental to the use of the land to the purpose for which the land is held, and I really feel that the the Motion To Quash is proper and therefore it is granted."

There is substantial credible evidence supporting the trial judge's finding on this point and under such circumstances we will not disturb such finding on appeal. State Highway Commission v. West Great Falls Flood Control & Drainage Dist., 155 Montana 157, 468 P.2d 753, and cases therein cited.

Section 11-403(1), R.C.M.1947, exempts land used for agricultural purposes from summary annexation by the city on its own intiative despite the objections of a majority of resident freeholders of the land to be annexed where such land is wholly

surrounded by the city. The purpose of this summary annexation procedure is to permit the orderly and uniform extension of city boundaries and city services with urban growth. A city is thus given the means of preventing small "islands" of agricultural land, wholly surrounded by the city, from developing and creating a myriad of problems in public health, law enforcement, and the like. Here, the tract annexed was held and used as a reserve tract for residential housing development. This tract was a part of a larger tract acquired for subdivision development, part of which had already been platted, subdivided, sold, and dedicated for park purposes in a residential housing development. The purpose of the summary annexation procedure could be thwarted if the grazing of a horse on the land to be annexed was held to constitute an agricultural use under the annexation statute here involved.

Plaintiffs next contend that the city of Missoula cannot annex the 30 acre tract in question without first filing a certificate of survey of the unplatted lands and without an affirmative showing of justification for the annexation. Where, as here, the tract to be annexed is wholly surrounded by the city and the annexation accomplished under the second paragraph of section 11-403(1) set forth above, there is no requirement that a certificate of survey of the unplatted land be filed prior to annexation. Such a requirement would impede annexation of unplatted lands held by a recalitrant property owner and defeat the summary nature of the annexation procedure.

Plaintiffs argue that annexation is permissible only where there is a reasonable basis therefor and absent an affirmative showing of reasonable justification for annexing the 30 acre tract here, the city has no power to annex it. They point out that the 30 acre tract here annexed is not adapted to city uses and cannot reasonably be furnished with city service because of the hilly, steep and brush-filled character of the terrain.

The annexation statute does not require the city council to make an affirmative showing of public necessity or other

legal justification where annexation of lands wholly surrounded by the city is concerned. Determination of the question of whether annexation of the 30 acre tract into the city is in the best interests of the city and the inhabitants of the area to be annexed is expressly granted to the city council of section 11-403(1) and the exercise of this discreition so granted is subject to judicial review only where the council has proceeded contrary to statute (Penland v. City of Missoula, 132 Mon. 591, 318 P.2d 1089) or where they have acted so arbitrarily or capriciously that it may be said they exercised no discretion at all. As neither has occurred here, the city council's determination must prevail.

At this point we pause to comment on the contention of plaintiffs that the city council refused to consider their timely written objections to the proposed annexation on the basis they were not ''resident freeholders'' entitled to object under the annexation statute. At the outset, the record does not support their assertion that their objections were not considered by the city council. However, assuming arguendo, that the city council did not, this was not required in any event. A ''resident freeholder'' qualified to protest annexation under section 11-403(1), R.C.M.1947, is one who is a resident within the area to be annexed, holding legal title to a freehold estate in land located within the area to be annexed on the final date for protest. Kunesh v. City of Great Falls, 132 Mont. 285, 317 P.2d 297. Plaintiffs simply do not qualify under this definition as neither is a resident within the area to be annexed.

The final issue for review is whether the annexation statute, section 11-403(1), R.C.M1947, violates the state or federal constitutions. Plaintiffs contend the city of Missoula is taking their private property for a public use without the payment of just compensation in violation of Art. III, Sec. 14 of the Montana Constitution and Amendment 5 of the United States Constitution. They insist the annexation subjects their land to payment of the general indebtedness of the city by way of tax levies and restricts their free right of transfer until they

make a survey, plat, and dedicate to the city several acres of land for park purposes.

This statute has previously been held impervious to attack on the basis that it is a "taking of property". Harrison v. City of Missoula, 146 Mont. 420, 407 P.2d 703. There we said:

"The appellants' brief is absent of light as to what is a "taking of property'. If the alleged taking is that of future taxes that would be levied by the City the allegation is without merit. (Citing cases.) "

We have difficulty in following plaintiffs' argument that the annexation restricts the free right of transfer of their property. As we understand this argument, plaintiffs are saying they cannot sell and transfer the annexed property without platting it into lots and donating several acres to the city for park purposes. The district judge recognized this situation, albeit not as a constitutional problem, and at the conclusion of the hearing found that the 10 acres previously dedicated to the city for park purposes were for the entire area that plaintiffs own including the land presently annexed. Thus no additional donation is necessary.

Plaintiffs also mount a constitutional attack on the annexation statute, section 11-403(1), under Art. III, Sec. 27, of the Montana Constitution and Amendments 5 and 14(1) of the United States Constitution, all providing that private property cannot be taken without due process of law. They argue that although the annexation statute provides for a 20 day notice of an impending annexation and provides for written protests, the notice and protest provisions are illusory and without substance because land wholly surrounded by the city can be annexed despite 100% written objections thereto.

The notice provisions in the annexation statute are not illusory. These have heretofore been held sufficient by this Court in Harrison v. City of Missoula, supra. As applied to the situation here, involving a summary annexation procedure where the land to be annexed is wholly surrounded by the city, it can be

annexed "whether or not a majority of the resident freeholders, if any, of the land to be annexed object". Plaintiffs here, not being "resident freeholders" of the land to be annexed, have no standing to object in any event.

We have examined all other points and arguments raised by plaintiffs in their brief and oral argument and find them to be without merit.

The order and judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES, DALY, and JOHN C. HARRISON, concur.