No. 96-157

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

WESTERN INDUSTRIES, INC.,

      Plaintiff and Respondent,

  v.

CHICAGO MINING CORP., a corporation, and
BYRON H. WEIS, ROBERT L. GREINER, and
ROBERT THOMLINSON, individually, jointly
and severally,

      Defendants and Appellants



APPEAL FROM:  District Court of the Fifth Judicial District,
In and for the County of Madison,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

          Edmund F. Sheehy, Jr., Cannon & Sheehy,
          Helena, Montana

      For Respondent:

          Patrick D. Vellone and Curtis L. Clay,
          Vinton Nissler Allen & Vellone, P.C.,
          Denver, Colorado

          George W. Huss, Brown & Huss, P.C.,
          Miles City, Montana

Submitted on Briefs:  August 22, 1996

Decided:  November 7, 1996

Filed:

_____
       /Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The respondent, Western Industries, Inc. ("Western"), filed an action against the appellants, Byron H. Weis, Robert L. Greiner, and Robert Thomlinson (collectively, "Guarantors"), in the District Court for the Fifth Judicial District in Madison County. The District Court: (1) granted summary judgment in favor of Western; (2) entered a judgment for Western in the principal amount of $232,730.04; and (3) awarded Western pre- and post-judgment interest from February 1, 1991. The Guarantors appeal the order of the District Court. We affirm and modify the judgment of the District Court, and remand the case for entry of judgment in the principal amount of $196,849.72, plus pre- and post-judgment interest from February 1, 1991.

The issues on appeal are:

1. Did the District Court err when it granted summary judgment in favor of Western?

2. Did the District Court err when it entered judgment for Western in the principal amount of $232,730.04?

3. Did the District Court err when it awarded Western pre-judgment interest from February 1, 1991?

FACTUAL BACKGROUND

Based on a contract executed in 1990, Western supplied materials and labor for Chicago Mining Corporation's ("CMC") tailings pond in Pony, Montana. CMC, however, failed to make payments when due, and in November 1990, Western filed a

2

construction lien against CMC's property in Madison County to enforce collection of the amount of $232,730.04.

Subsequently, in January 1991, the Guarantors individually executed personal guaranties, which included the following language:

> [Western] is hereby authorized to collect [$232,730.04] individually from me, jointly, with any other guarantor of such debt, with the necessity of first proceeding against [CMC].

In return, Western promised that it would not institute foreclosure proceedings to enforce its construction lien until February 1, 1991.

In October 1991, Western filed an action in the District Court against CMC and the Guarantors.[1] Specifically, Western sought the following: (1) the foreclosure of its construction lien; (2) recovery of damages for breach of contract by CMC; (3) recovery of damages for unjust enrichment by CMC; and (4) recovery from the Guarantors based on their personal guaranties.

In August 1994, Western and CMC stipulated to an entry of judgment against CMC. Pursuant to that stipulation, the District Court entered a final judgment against CMC in the principal amount of $196,849.72. Western arranged for a sheriff's sale in aid of

---

[1]Pursuant to the parties' original contract, CMC owed Western $232,730.04. Western's complaint against CMC and the Guarantors, however, sought only $203,999.50. The reduced amount reflects the fact that Western had been paid some of the money owed to it prior to the time it filed its complaint in the District Court.

3

execution to enforce its judgment. However, in April 1995, CMC filed a petition for relief, pursuant to Chapter 11 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Northern District of Illinois.

In June 1995, Western filed a motion for summary judgment against the Guarantors. The District Court denied Western's motion and scheduled its claims for trial during March 1996. Prior to trial, however, the U.S. Bankruptcy Court rejected CMC's Chapter 11 plan, and converted its petition to a Chapter 7 proceeding. On that basis, Western filed a renewed motion for summary judgment, which the District Court granted in February 1996. The District Court entered judgment for Western in the principal amount of $232,730.04, plus pre-judgment interest from February 1, 1991, to February 22, 1996.

## ISSUE 1

Did the District Court err when it granted summary judgment in favor of Western?

Summary judgment is governed by Rule 56(c), M.R.Civ.P., which provides, in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . .

The purpose of summary judgment is to encourage judicial economy through the elimination of any unnecessary trial. However, summary judgment is not a substitute for trial if a genuine factual

4

controversy exists. *Reaves v. Reinbold* (1980), 189 Mont. 284, 288, 615 P.2d 896, 898.

It is well established that the moving party must prove that it is entitled to judgment as a matter of law. To do this, it is required to show a complete absence of any genuine factual issues. *D'Agostino v. Swanson* (1990), 240 Mont. 435, 442, 784 P.2d 919, 924. To defeat the motion, the nonmoving party must set forth facts which demonstrate that a genuine factual issue exists. *O'Bagy v. First Interstate Bank of Missoula* (1990), 241 Mont. 44, 46, 785 P.2d 190, 191. Additionally, if there is any doubt with regard to the propriety of summary judgment, it should be denied. *Whitehawk v. Clark* (1989), 238 Mont. 14, 18, 776 P.2d 484, 486-87.

In their brief, the Guarantors concede that there are no genuine issues of material fact; however, they claim that, based on the law of guaranties in Montana, Western is not entitled to judgment as a matter of law. Specifically, they assert the following argument:

> [A]s provided by the express terms of the guarantee [sic], which says that the guarantee [sic] is governed by Montana law, Western must first proceed against CMC and, only upon the default of CMC, can it collect on the guarantees [sic]. The bankruptcy proceeding . . . does not constitute a "default" of CMC . . . . A default . . . only occurs if the collateral upon which the debt is secured, the land upon which [the construction] lien is sought to be foreclosed, fails to satisfy the amount of the debt.

In *Sherwood & Roberts, Inc. v. First Security Bank of Missoula* (1984), 209 Mont. 402, 408, 682 P.2d 149, 152, we recognized that whether a guaranty

5

is absolute or conditional depends upon the terms of the guaranty, and that those terms also determine the specific condition precedent to the liability of the guarantor. In this case, the guaranties contained the following provision:

> [Western] is hereby authorized to collect [$232,730.04] individually from me, jointly, with any other guarantor of such debt, with the necessity of first proceeding against [CMC].

(Emphasis added.)

The express terms of the guaranties require Western to first proceed against CMC, and it is undisputed that this language establishes a condition precedent to the Guarantors' liability. Although the guaranties do not specify what steps Western must take to satisfy the condition precedent, we conclude that, contrary to the Guarantors' assertions, they do not require Western to proceed against CMC's collateral, nor do they require a "default" by CMC. Rather, we conclude that the guaranties require Western to first diligently pursue a recovery against CMC. We base our conclusion on the following well-established principles of guaranty law:

> The extent to which the creditor must pursue the debtor depends primarily upon the terms of the contract of guaranty. If the contract specifically details the action which the creditor may or must take, then the contract is controlling. When a conditional contract is not specific in its details, the liability of the guarantor [is] conditioned upon the exercise of diligence by the creditor to promote payment by the debtor.

38 Am. Jur. 2d 1114 *Guaranty*, § 108 (1968).

Western claims that it has diligently pursued a recovery from CMC, and that, therefore, it is entitled to judgment as a matter of

6

law. In support of its claim, it asserts the following facts: (1) it filed a complaint in the District Court against CMC in 1991; (2) it obtained a stipulated judgment against CMC, which was entered by the District Court in 1995; (3) it attempted to enforce its judgment through a sheriff's sale of CMC's property; (4) in response to CMC's petition for Chapter 11 relief, it filed a proof of claim in bankruptcy, actively participated in the demand for disclosures, and contacted the U.S. Trustee's office with regard to its interest in the bankruptcy proceedings; (5) it appeared, in Chicago, at CMC's bankruptcy hearing; (6) it filed a brief in support of the U.S. Trustee's motion for conversion of CMC's case from a Chapter 11 to a Chapter 7 proceeding; (7) it appeared in Chicago at the hearing to consider the motion for conversion, which was eventually granted; (8) it took depositions of two of CMC's principals and two of the Guarantors; and (9) it has been in contact with the U.S. Bankruptcy Trustee in Chicago.

The Guarantors, on the other hand, have not offered evidence or even attempted to establish that Western has failed to diligently pursue a recovery from CMC.

Based on the uncontroverted evidence, we conclude that Western has sufficiently satisfied the condition precedent of "first proceeding against [CMC]."

We conclude that there are no genuine issues of material fact, and that Western is entitled to judgment as a matter of law.

7

Accordingly, we hold that the District Court did not err when it granted summary judgment in favor of Western.

## ISSUE 2 and ISSUE 3

Did the District Court err when it entered judgment for Western in the principal amount of $232,730.04?

Did the District Court err when it awarded Western pre-judgment interest from February 1, 1991?

When we review a district court's conclusions of law, the standard of review is whether those conclusions are correct. *Carbon County v. Union Reserve Coal Co.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

When the District Court granted Western's renewed motion for summary judgment, it entered a final judgment "in the principal sum of $232,730.04 plus pre- and post-judgment interest . . . as of February 1, 1991 to February 22, 1996 . . . ." The Guarantors contend that the District Court erred when it entered this judgment, and that, therefore, it must be vacated. Specifically, they assert that the judgment should be reduced to the principal amount of $196,849.72, and that pre-judgment interest should be calculated only from August 31, 1994. The Guarantors guaranteed payment as of February 1, 1991. However, the stipulated judgment was not entered until August 31, 1994.

### THE PRINCIPAL AMOUNT OF $232,730.04

Section 28-11-201, MCA, states:

**Obligation of guarantor not to exceed that of principal.**
The obligation of a guarantor must be neither larger in

8

amount nor in other respects more burdensome than that of the principal, and if in its terms it exceeds it, it is reducible in proportion to the principal obligation.

CMC (the principal debtor) and Western entered into a stipulated judgment in the amount of $196,849.72. This stipulated judgment conclusively established CMC's obligation. Therefore, pursuant to § 28-11-201, MCA, the Guarantors' obligation cannot exceed the amount to which CMC and Western stipulated.

Accordingly, we hold that the District Court erred when it entered judgment for Western in the principal amount of $232,730.04.

PRE-JUDGMENT INTEREST FROM FEBRUARY 1, 1991

Section 27-1-211, MCA, states, in relevant part:

**Right to Interest.** Every person who is entitled to recover damages certain or capable of being made certain by calculation and the right to recover which is vested in him upon a particular day is entitled also to recover interest thereon from that day . . . .

Pursuant to the express terms of the guaranties, Western's right to recover from the Guarantors vested on February 1, 1991, the date on which CMC failed to make the payment that was then due, and the date by which the Guarantors guaranteed payment. The amount was also capable of being made certain by calculation on that date. It was simply the difference between the amount set forth in the written guaranties, and any amount paid.

Accordingly, we hold that the District Court did not err when it awarded Western pre-judgment interest from February 1, 1991.

9

We affirm and modify the judgment of the District Court, and remand the case for entry of judgment in the principal amount of $196,849.72, plus pre-judgment interest from February 1, 1991, and post-judgment interest to the date on which the judgment is satisfied.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

10

November 7, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Edmund F. Sheehy
Cannon & Sheehy
2031 Eleventh Ave.
Helena, MT 59601

George W. Huss, Esq.
Brown and Huss
P.O. Box 128
Miles City, MT 59301

Patrick D. Vellone, Esq.
Curtis L. Clay, Esq.
Vinton, Nissler, Allen & Vellone, P.C.
1600 Stout St., Ste. 1100
Denver, CO 80202

Robert M. Murdo, Esq.
Jackson, Murdo & Grant
203 No. Ewing St.
Helena, MT 59601

Fred W. Robinson
Special Assistant Attorney General
1520 E. Sixth Ave.
Helena, MT 59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _S. Gallagher_