No. 97-061

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

MISSOULA RURAL FIRE DISTRICT, a political subdivision
of the State of Montana; WILLIAM EVERINGHAM;
CATHERINE E. EVERINGHAM; RICHARD T. DAILEY
and ALICE M. DAILEY; DON HARBAUGH and DONNA M.
HARBAUGH; THEODORE A. BRODOWY and SUSAN J.
SACHSENMAIER; and DELOIT R. WOLFE and TWILA WOLFE,

Plaintiffs and Respondents,

v.

CITY OF MISSOULA, a municipal corporation,

Defendant and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jim Nugent, City Attorney; City of Missoula;
Missoula, Montana

For Respondent:

M. Richard Gebhardt; Attorney at Law;
Missoula, Montana

Submitted on Briefs: May 8, 1997

Decided:   May 29, 1997

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

     The City of Missoula appeals from the order of summary judgment issued by the
Fourth Judicial District Court, Missoula County.  The District Court declared the City's
Resolution No. 5797, which purported to annex certain properties in Missoula County,

to be void and of no further force and effect. We affirm.

The only issue before this Court for review is whether the District Court abused its discretion in determining that the properties purported to be annexed by the City of Missoula were not "wholly surrounded" by the city as set forth in 7-2-4501, MCA.

FACTUAL BACKGROUND

The City of Missoula annexed approximately 215 residential parcels at the northern end of the Rattlesnake drainage. The properties were annexed pursuant to City of Missoula Resolution No. 5797, adopted on December 11, 1995. The Resolution declares that six separate areas in the drainage were annexed. None of these parcels are more than twenty-five percent contiguous to the City. Two of the parcels are not contiguous at all. Motor vehicle routes for ingress and egress to these residential properties require travel of at least three miles through Missoula city limits.

The appellants, herein referred to collectively as the Missoula Rural Fire District, applied to the Fourth Judicial District Court for a preliminary injunction, or in the alternative, for a writ of mandate. The Missoula Rural Fire District sought to maintain the status quo while the validity of the Resolution was determined. On January 18, 1996, after a show cause hearing was held, the application was denied by the District Court.

The case was then submitted to the court on summary judgment motions by the City of Missoula and the Missoula Rural Fire District. On October 10, 1996, the District Court granted summary judgment for the Missoula Rural Fire District. The court held that City of Missoula Resolution No. 5797 was void and of no further force and effect. The basis for this holding, as set forth in the court order, was that the annexed lands did not meet the threshold requirement under 7-2-4501, MCA, as being wholly surrounded by the City of Missoula. The City of Missoula appeals this determination.

DISCUSSION

Did the District Court abuse its discretion in determining that the properties purported to be annexed by the City of Missoula were not "wholly surrounded" by the city, as set forth in 7-2-4501, MCA?

This Court reviews a district court's grant of a motion for summary judgment de novo. Clark v. Eagle Systems, Inc. (Mont. 1996), 927 P.2d 995, 997, 53 St. Rep. 1150, 1151; Heiat v. Eastern Montana College (1996), 275 Mont. 322, 327, 912 P.2d 787, 790. When we review an order of summary judgment we apply the same criteria as the district court and are guided by Rule 56, M.R.Civ.P. Chilberg v. Rose (1995), 273 Mont. 414, 416, 903 P.2d 1377, 1378. Our inquiry thus is whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. Heiat, 912 P.2d at 791.

The City of Missoula has not raised any issue of material fact in this matter. Summary judgment is therefore appropriate as a matter of law. Western Industries, Inc. v. Chicago Mining Corp. (Mont. 1996), 926 P.2d 737, 53 St. Rep. 1071.

The City of Missoula adopted its Resolution No. 5797 under the provisions set forth in 7-2-4501, MCA. This section provides in part that "[a] city may include as part of the city any platted or unplatted tract or parcel of land that is wholly surrounded by the city upon passing a resolution of intent, giving notice, and passing a resolution of annexation." Section 7-2-4501, MCA. We interpreted this statute in Calvert v. City of Great Falls (1969), 154 Mont. 213, 462 P.2d 182, where we defined "wholly surrounded" as being "a tract of land where all lands on the side of the tract are within the city and where it is impossible to reach the tract without crossing such territory." Calvert, 462 P.2d at 184.

In Calvert, we established a two-prong test for the process of annexing "wholly surrounded" parcels. First, the tract must lie in an area where all lands on the side of the tract are within the city; and second, it must be impossible to reach the tract without crossing such territory. The tracts annexed by the City of Missoula fail to meet the first prong of this test. The City only borders a small portion of some of the residential properties and on others it does not border the residential tract at all. Therefore, it is not necessary to reach the second prong of the Calvert test and determine whether the tracts are only accessible by crossing city territory.

Therefore, because the Rattlesnake properties annexed by the City of Missoula fail

to meet the first prong of the Calvert test, as they are not wholly surrounded by the city pursuant to  7-2-4501, MCA, the City of Missoula did not use the proper annexation method in annexing the properties in its Resolution No. 5797.

We note that the City of Missoula also raises the issue of whether the Missoula Rural Fire District has standing to challenge municipal annexation because it is not a property owner of land within the area to be annexed.  The District Court did not rule upon this issue of standing and we decline to address this issue, as it is nonjusticiable.

The District Court's order granting summary judgment to the Missoula Rural Fire District and declaring Missoula City Resolution No. 5797 void is therefore affirmed.

/S/  JIM REGNIER

We Concur:

/S/  J. A.  TURNAGE
/S/  W. WILLIAM LEAPHART
/S/  JAMES C. NELSON
/S/  TERRY N. TRIEWEILER