No. 98-426

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 107

294 Mont. 316

979 P.2d 1281

JAMES RAMIREZ,

Plaintiff and Appellant,

v.

WILLIAM HATCH and BUTTE-SILVER BOW COUNTY,

Defendants and Respondents.

APPEAL FROM: District Court of the Second Judicial District,

In and for the County of Silver Bow,

The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Frank Burgess, Attorney at Law; Butte, Montana

For Respondents:

Gary L. Walton; Poore, Roth & Robinson, P.C.;

Butte, Montana (for Respondent Hatch)

William M. O'Leary; Corette Pohlman & Kebe;

Butte, Montana (for Respondent Butte-Silver Bow County)

Submitted on Briefs: January 28, 1999

Decided: May 18, 1999

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

**¶1. On July 31, 1996, Jessie Ramirez brought this action in the Second Judicial District Court, Silver Bow County, to recover damages for injuries suffered as a result of a motor vehicle accident involving a vehicle driven by William Hatch. Ramirez joined Butte-Silver Bow County as a party defendant alleging that the County was negligent when it failed to remove or limit the height of a hedge located on the corner of the intersection where the accident occurred. The County filed a motion for summary judgment, which the District Court granted on May 22, 1998. At Ramirez's request, the District Court certified its order granting summary judgment as final pursuant to Rule 54(b), M.R.Civ.P. Ramirez timely filed his notice of appeal. The County moved for a dismissal of the appeal on the basis that the District Court's order granting certification failed to state reasons for finding that there was no just reason to delay an appeal. On September 15, 1998, this Court denied the County's motion and remanded the appeal to the District Court for review of its certification order. On October 21, 1998, the District Court issued an amended order certifying its order granting summary judgment as a final judgment. We reverse.**

**¶2. The issue raised on appeal is whether the District Court erred when it granted Butte-Silver Bow County's motion for summary judgment.**

## FACTUAL BACKGROUND

**¶3. On October 13, 1995, William Hatch's vehicle collided with that of Jessie Ramirez at an uncontrolled intersection in Butte, Montana. Ramirez's vehicle was approaching the intersection from Hatch's right. Also to Hatch's right, on the southwest corner of the intersection, was a hedge of five to six feet in height. Ramirez maintains that this hedge obstructed the view of both drivers and contributed to the**

cause of the accident.

**¶4. Based upon an examination of Butte-Silver Bow County real property ownership records, including a residential improvements and lot appraisal form dated July 8, 1959, the hedge existed prior to the adoption of the 1978 Butte-Silver Bow municipal zoning ordinance § 17.36.040 which imposes a duty on the County to regulate the height of such hedges. The record is silent, however, regarding whether the hedge was ever removed, altered, or otherwise maintained during the period of time between July 8, 1959, and the October 1995 accident.**

**¶5. In its order granting summary judgement to the County, the District Court held that the Butte-Silver Bow County municipal zoning ordinance § 17.48.010, acknowledged and permitted the existence of nonconforming uses that existed prior to 1978. Because the hedge located on the southwest corner of the intersection had existed since at least 1959, the District Court concluded that the County had no duty to inspect and require that the hedge be trimmed. Because the District Court concluded that no legal duty existed on the part of the County, it held that the County could not be found liable for negligence.**

## DISCUSSION

**¶6. The issue Ramirez raises on appeal is whether the District Court erred when it granted summary judgment in favor of Butte-Silver Bow County.**

**¶7. Our standard of review of appeals from summary judgment rulings is *de novo*. *Motarie v. Northern Montana Joint Refuse Disposal Dist.* (1995), 274 Mont. 239, 242, 907 P.2d 154, 156; *Mead v. M.S.B., Inc.* (1994), 264 Mont. 465, 470, 872 P.2d 782, 785. When we review a district court s grant of summary judgment, we apply the same evaluation as the district court based on Rule 56, M.R.Civ.P. *See Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903. In *Bruner*, we set forth our inquiry:**

The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made

by a district court as to whether the court erred.

*Bruner*, 272 Mont. at 264-65, 900 P.2d at 903 (citations omitted).

**¶8. Ramirez's claim against the County is for its failure to enforce the Butte-Silver Bow municipal zoning requirement that all hedges located on corner lots be maintained so as not to impede the vision of drivers on adjacent intersecting streets. That ordinance, § 17.36.040, provides as follows:**

On any corner lot in which a front yard is required by this title, no wall, fence, or other structure shall be erected, and no hedge, shrub, tree or other growth shall be maintained which will materially impede vision between a height of three and ten feet above the centerline grades of the intersecting streets within the triangle area formed by the intersecting property lines nearest the streets and a straight line joining said property lines at points which are twenty-five feet distant from the point of intersection, measured along said property lines. In case of open wire, see-through fence, the maximum height of four feet shall prevail within the aforementioned triangular area.

**¶9. It is undisputed that at the time the County adopted its zoning regulations, the hedge, which Ramirez alleges was a cause of the accident, was extant. It is also undisputed that a second zoning ordinance, Butte-Silver Bow Municipal Code § 17.48.010, contains a "grandfather" provision for preexisting, nonconforming uses. Thus, as the County argues, it appears that the preexisting, nonconforming hedge is not subject to the regulatory provision of the zoning ordinance. As we explain below, however, the County fails to offer any evidence that the offending hedge did not become subject to the zoning ordinance after the ordinance was adopted, nor does the County offer any evidence that at the time the ordinance was adopted the hedge was no taller than three feet.**

**¶10. The parties do not dispute that on the day of the accident, the hedge at the corner of the intersection where the accident occurred did not conform to the three-foot limitation. Therefore, initially, the hedge is in violation of § 17.36.040. A second Butte-Silver Bow municipal code provision which affects the maintenance of the**

hedge, however, must be considered. That provision, § 17.48.010, allows for the "grandfathering" of preexisting, nonconforming uses and provides as follows:

Within the zones established by this title, or amendments that may later be adopted, there exist lots, structures, uses of land and structures, and characteristics of use, which were lawful before the ordinance codified in this title was passed or amended, but which would be prohibited, regulated or restricted, under the terms of this title or future amendment. It is the intent of this title to permit these non-conformities to continue until they are removed, but not to encourage their survival.

Judging from the plain meaning of the words of this ordinance, it initially appears as though the County is correct that it has no duty to regulate the hedge at issue because it existed prior to 1978 and is nonconforming. Consequently, the County argues that it had no duty to limit the hedge's height to no more than three feet. This interpretation, however, ignores the possibility that the hedge may have never been a "nonconformity." The hedge may have been under three feet in height at the time the ordinance was adopted. It is also entirely feasible that the hedge, at some time between the date that the ordinance was adopted and the date of the accident, was or had been trimmed to a height of no more than three feet. Accordingly, if the hedge was less than three feet at the time the ordinance was adopted, or if the hedge was trimmed to the height of three feet or less after the ordinance was adopted, then the hedge would not be considered a "nonconformity" and qualify as an exception to § 17.36.040. If the hedge, at any point in time, did not violate § 17.36.040, it was no longer a preexisting obstruction to be grandfathered. As set forth above, the statute provides "[i]t is the intent of this title to permit these non-conformities to continue until they are removed." Thus, once removed or altered by trimming, the hedge is subject to the height limitations of the ordinance.

¶11. The burden to establish the absence of a genuine issue of material fact is with the County. *See Missoula Rural Fire Dist. v. City of Missoula* (1997), 283 Mont. 113, 115, 938 P.2d 1328, 1329. The County introduced no evidence that the hedge was either taller than three feet in 1978, the year the ordinance was adopted, or had not been trimmed since 1978. The record is silent as to this issue. It is the County's burden to demonstrate the absence of this genuine issue of material fact. Accordingly, summary judgment was improperly granted.

¶12. For all the foregoing reasons, the District Court's order of summary judgment is reversed.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART